### (December 3, 1964)

■ In the Matter of the Arbitration between HOMI R. DE VITRE, Respondent, and LEON BOHN, Appellant.— Order, entered on August 11, 1964, modifying an arbitration award to the extent of remitting matter to the arbitrators for

the limited purpose of fixing the rights and obligations of the parties with respect to the Japanese contracts, modified on the law to the extent of eliminating provision for remitting matter to the arbitrators. The award is confirmed, without costs to either party. An arbitration was had between the parties pursuant to a written agreement providing for a partnership or joint venture in the exploitation of rights to an adding machine. The "rights" referred to include any patents existing or thereafter issued. After the arbitrators had made an award, petitioner applied to them to clarify the award. No change in the award was made. The effect of the award was to give control of the invention to petitioner with certain rights in respondent, and to give respondent a share in the gross receipts from the venture. It appeared that respondent had made certain contracts with Japanese manufacturers to make the machine. It was as to the disposition of these contracts that petitioner sought the remand which Special Term granted. No question as to those contracts remained to be decided. Clearly the arbitrators could make no decision that would be binding on these manufacturers. Nor had they directed petitioner to acknowledge or adopt these contracts. Plainly, whatever disposition is to be made as to these contracts is a matter between respondent and the persons with whom he contracted. The arbitrators did not, nor were they obliged to, adjudicate the rights of De Vitre, if any, against the Japanese manufacturers. If De Vitre claims to have any rights against the manufacturers he is free to assert them. Respondent's objection to the award on the ground that there was no contract is clearly unsound (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329). It follows that the award should be confirmed. In so doing we recognize that the award is in certain respects unfortunate. Having made a disposition as to the future exploitation of the invention and the rights of the parties with respect thereto, the arbitrators directed the parties to enter into a contract embodying those terms. Among them is a clause requiring petitioner to submit all agreements for the license, sale or other disposition of the patent rights to respondent for his approval, which approval shall not be unreasonably withheld. It is already apparent that these parties are not disposed to work toward their mutual profit as envisioned by the arbitrators but rather each seeks his own advantage at the expense of the other. It is readily foreseeable that the award will be productive of as much litigation as it disposes of. Nevertheless, the award is in enforcible form (*Matter of Ruppert* [*Egelhoffer*], 3 N Y 2d 576; *Simon* v. *Vogel,* 9 A D 2d 63) and disposes of the question left to the arbitrators. The court is without power to make a new award and, under the circumstances, cannot require the arbitrators to do so. The parties selected the forum and if the disposition, despite its propriety, engenders further litigation, it will be of their own making. Concur — Rabin, McNally, Stevens and Steuer, JJ.; Breitel, J. P., dissents in part in the following memorandum: I am constrained to disagree in part with the majority disposition. Although the award, as elaborated by the supplementary June 15, 1964 opinion, may be sufficiently clear in establishing that Bohn may neither exploit his Japanese contracts for the manufacture and sale of the device nor force De Vitre to accept a delegation of his obligations thereunder, there are other issues with respect to these contracts that were not sufficiently resolved. These involve the rights of the parties to any profits already earned, or damages sustained from any interference with De Vitre's right of exploitation, or for loss of secrecy resulting from Bohn's arrangements in Japan. The June 15, 1964 opinion merely states that Bohn's responsibilities were considered in fixing the amount of the award. An award which leaves these issues in doubt is too uncertain to be enforced.

The award is perhaps clear enough in fixing the rights of the parties in the arbitration with respect to the power to make arrangements for the exploitation of the adding machine, namely, that petitioner De Vitre is to have the sole power to make arrangements for exploitation and respondent Bohn is to have some kind of approval or veto power. But, the award otherwise is not final, definite and complete, and is therefore subject to vacatur (CPLR 7511, subd. [b]). If the award will be as productive of as much litigation as the majority foresees, with which I agree, then it will be the court's fault as much as that of the arbitrators and the parties. Since in large measure the arbitrators have disposed of the controversy, the court should exercise its discretion, while vacating the award, to direct a redetermination by the same arbitrators (CPLR 7511, subd. [a]). The arbitrators faltered in providing for a new agreement to be made by the parties. As noted by the majority, the arbitrators' proposals are subject to almost as much indefiniteness as the agreement made originally by the parties. The proper procedure would be to remand the proceedings to the arbitrators to make a definite and complete award. Arbitrators sometimes, like nisi prius and intermediate appellate courts sometimes do, err, and like such courts, must have their determinations reviewed and corrected within the limited areas permitted by statute. The statutes properly require the courts to assist and not to frustrate the arbitration process, and the court's predilections with respect to this alternative method of dispute determination is immaterial. This was stated, in a different but relevant context, in the early days of what was then the new Arbitration Law in emphatic and eloquent terms: " Courts are not at liberty to shirk the process of construction under the empire of a belief that arbitration is beneficent any more than they may shirk it if their belief happens to be the contrary. * * * Our own favor or disfavor of the cause of arbitration is not to count as a factor in the appraisal of the thought of others." (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 299, CARDOZO, J.) In the years which have passed since, both the statutory and decisional law has become even more hospitable to this alternative method of dispute determination (CPLR 7501 *et seq.*, especially 7501 as it and its predecessor sections have evolved; *Matter of Exercycle Corp.* [*Maratta*], 8 N Y 2d 329, *passim*). Accordingly, I dissent in part and vote to modify the order of Special Term and to vacate the award and remand the proceedings to the same arbitrators who rendered it to make a more definite and final award.