Bergan, J.
Respondent A. Raymond Burt, who bad been engaged in the lumber business at Huntington, New York, under the name Burt Lumber Company, bad a collective bargaining agreement with Local 1205, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. This was executed January 1,1963 and by its terms expired June 30, 1964. Before the expiration of this contract Burt sold bis business to Burt Building Materials Corporation and the corporation, on taking over the business June 19, 1964, immediately discharged four employees.
Burt and the union bad included a broadly stated arbitration provision in their contract by which the parties undertook to *558 submit all ‘ ‘ disputes ’ ’ in connection with ox relating to ‘ ‘ this agreement” or in the “interpretation, performance, termination” or any breach “ thereof” (par. 9, cl. [b]). On the discharge of the four employees arbitration was demanded by the union. This proceeded to an award by the arbitrator which determined that the corporation had a valid labor agreement with the union and directed the corporation to cease interfering with the union and to reinstate the discharged employees. The arbitrator found that membership in the union was the reason for their discharge. Both the corporation and the individual former employer, Burt, were jointly directed to pay the amounts of back salary found due the discharged employees.
The court at Special Term on motion confirmed the award and made directions for its enforcement by a judgment. The Appellate Division reversed the order and vacated both the award and the judgment. Although the corporate employer argued before the Special Term that it had made no contract with the union and was not a “ successor ” to Burt, but had started a “ new business ”, the Special Term held that as the sole operator of the same business it was bound by the collective bargaining agreement of its predecessor (John Wiley & Sons v. Livingston, 376 U. S. 543). The Appellate Division did not disturb that basis of the Special Term’s finding. It was of opinion that the contract had by its terms expired June 30, 1964 and, therefore, there “was no basis for an award of back pay” beyond that date.
But the “ termination ” of the agreement was one of the very matters which the parties had agreed to submit to arbitration which embraced ‘ ‘ Any and all ’ ’ disputes. A disagreement by the court on a point of law with the way the arbitrator resolves a dispute within the frame of submission is not a statutory ground upon which an award may be vacated (CPLR 7511, [b]; see Matter of Long Is. Lbr. Co. [Martin], 15 N Y 2d 380).
The order should be reversed and the order and judgment of the court at Special Term reinstated, with costs.