■ HERBERT KANTOR et al., Appellants-Respondents, v BENJAMIN S. KALNICK, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered December 19, 1975, confirming the report of the Referee and denying the parties' motions to modify or reject said report, unanimously modified, on the law, to the extent of reflecting that the report of the Referee be modified to add to the sum awarded to defendant the amount of $3,612.21, and, as so modified, affirmed, without costs and without disbursements. Perusal of the Referee's report discloses a clerical error. In the body of the report, it was noted that plaintiffs consented to an addition of moneys due defendant in the sum of $3,612.21, representing 21⅓% of $16,932.50 under Schedule A of defendant's account. The Referee further declared that defendant was entitled to $3,684.18 as an adjustment in his favor of 78⅔% of $4,683.33 in fees. However, in making his findings of fact at the end of the report, the Referee awarded under paragraph 6 (e) the sum of $3,684.18, representing 21⅓% of $16,932.50, a patent clerical error in that the two sums found to be due defendant in the body of the report were confused. The remaining contentions raised by the parties on this appeal in respect of the Referee's report are found to be without merit. With respect to the transaction involving compensation of approximately 2,000 shares of Riker-Maxson stock, the Referee found that the services rendered by defendant

were not accounting services and that the burden was on plaintiffs to prove that the compensation was for brokerage as finder's fees. Clearly, the Referee viewed the matter as one where defendant, an accounting fiduciary and, in consequence, the bearer of the burden (Partnership Law, § 43; *Vinlis Constr. Co. v Roreck,* 30 AD2d 668, mod 27 NY2d 687), had satisfied that burden and the duty of going forward had been shifted to plaintiffs, which burden plaintiffs failed to satisfy. The conclusion of the Referee is sustained on this record. Similarly, the Referee's determination that defendant is not entitled to share in a $14,000 referral fee and that regarding the BBD option, defendant is entitled to no credit in connection with plaintiffs' exercise of the option is supportable for the reasons delineated in his report. Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.