■ In the Matter of Martin Adelstein, as Secretary-Treasurer of Local 1034 International Brotherhood of Teamsters, Appellant, v Ortiz Funeral Home Corp., Respondent.—Judgment and order, Supreme Court, New York County, entered March 28, 1979 and April 19, 1979, respectively, denying petitioner's application to confirm an arbitration award and granting the cross petition to vacate that award, unanimously reversed, on the law, with costs, petition granted and cross petition dismissed. Local 1034 of the International Brotherhood of Teamsters, as represented by Martin Adelstein, secretary-treasurer, entered into a collective bargaining agreement with the Ortiz Funeral Home Corporation, which operates 10 funeral homes in New York City, on April 29, 1975, wherein Ortiz recognized Local 1034 as the bargaining agent for all attendants, floor people, receptionists, interpreters and porters employed by Ortiz, and expressly excluded from its coverage "licensed embalmers, undertakers, drivers, managers, office clerical employees, bookkeepers, guards, watchman and supervisors." The agreement which

was in effect from March 22, 1975 through March 21, 1978, provided, *inter alia,* for employer contributions on behalf of each covered employee to an insurance trust fund and severance retirement fund. A labor dispute arose as to which employees are in the unit as set forth in the recognition provision of the collective bargaining agreement. Paragraph 7(h) of the agreement provides: "The employer shall notify the Union immediately in writing giving the name, address, social security, date of hiring, classification and pay rate upon hiring of any new employees". Paragraph 10 provides: "That disputes may be submitted to arbitration but that 'no arbitrator shall have the power to change, add to or subtract from the terms and conditions of this agreement, but shall have the power only to interpret the language thereof.'" On February 3, 1978, the parties submitted the following matter to the arbitrator. "Pursuant to the terms and provisions of the Collective Bargaining Agreement between the parties hereto, did the employer violate the contract by failing to contribute monies to the Insurance and to the Severance Fund and to the Union on behalf of the employees?" The arbitrator held extensive hearings in which he made a determination and classified those employees that were to be included in the bargaining unit and for whom the employer was required to make contributions and those that were not covered. He proceeded to find that 90 of 135 of Ortiz' employees were within the bargaining unit. The union sought to confirm the award. The court below found that the reclassification was in direct violation of Ortiz' rights under paragraph 7(h) to classify its employees, and that the arbitrator had exceeded his power, in that paragraph 10 precluded him from changing the terms of the agreement. It vacated and set aside the arbitrator's award. The issue presented to this court is whether the arbitrator exceeded his power in that he reclassified employees so as to include them in the bargaining unit and thereby require the employer to make contributions on their behalf. A court's function is not to intervene in an arbitrator's determination on the merits. Courts may not set aside an award because they feel that the arbitrator's interpretation disregards the apparent, or even the plain, meaning of the words. (*Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578.) The provision in the agreement, paragraph 7(h), relied on by Ortiz, is in the nature of a notification provision and is not a management rights provision. Its purpose was to require the employer to report to the union with regard to new employees hired. The arbitrator necessarily had to deal with the classification issue to make his final determination. The question of who was in the bargaining unit was an issue for the arbitrator to determine. The court may not substitute its judgment for that of the arbitrator. His determination is final on the law and on the facts. (*Rochester City School Dist. v Rochester Teachers Assn., supra.*) In the *Rochester* case, Judge Wachtler, speaking for the court in a sabbatical leave dispute, stated (pp 582-583): "courts may not set aside an award because they feel that the arbitrator's interpretation disregards the apparent, or even the plain, meaning of the words or resulted from a misapplication of settled legal principles. In other words a court may not vacate an award because the arbitrator had exceeded the power the court would have, or would have had if the parties had chosen to litigate, rather than arbitrate the dispute. Those who have chosen arbitration as their forum should recognize that arbitration procedures and awards often differ from what may be expected in courts of law. The courts' power to intervene is even more restricted when the arbitrator's interpretation of the agreement resolves the question submitted, and not merely one aspect of the dispute. Here of course the arbitrator's determination of the meaning of the

sabbatical leave provision was not a purely incidental aspect of the award. It resolved the primary question submitted and if he did not have the authority to decide that question there was nothing for him to arbitrate." The court below erred in its finding that the arbitrator exceeded his authority. Concur—Birns, J. P., Sullivan, Silverman, Lynch and Carro, JJ.