532

■ TILBURY FABRICS, INC., Appellant, v STILLWATER, INC., Respondent. — Judgment of the Supreme Court, New York County, entered May 29, 1980, which *inter alia:* (1) dismissed petition of appellant Tilbury, to confirm an arbitration award; (2) granted cross motion of Stillwater to vacate and set aside the award; and (3) directed that arbitration be reheard, unanimously reversed, on the law, with costs, the petition reinstated, Tilbury's application to confirm the award granted, and Stillwater's cross motion to vacate and set aside the award denied. Stillwater, a manufacturer of fabrics, sought arbitration under the arbitration provisions contained in three unpaid invoices reflecting the sale of material to Tilbury, a drapery manufacturer. The demand identified the goods by invoice date and stated the amount of the claim. Tilbury counterclaimed for allegedly defective merchandise and consequential damages (loss of orders, good will and profits). The counterclaim in Tilbury's answer did not specify particular invoices but merely alluded to the transactions on which the counterclaim was grounded as "any goods" ordered by Tilbury from Stillwater, and asserted damages "in an undetermined amount." At the arbitration hearing, it developed that Tilbury's counterclaim did not relate to the transactions shown on the three invoices in Stillwater's claim but to transactions appearing on other invoices, bearing various dates from 1977 to the inception of the dispute which gave rise to the arbitration proceeding. All invoices, both of the claim and counterclaim, referred to the same kind of merchandise, contained identical terms and conditions and were signed by Tilbury. Although the invoices contained a one-year limitation on claims, Stillwater at the arbitration hearing did not challenge any of the breaches asserted by Tilbury as time barred, but only contested them as not embraced within the three invoices in Stillwater's claim. The arbitrators awarded Tilbury $33,756.25 and Stillwater $6,309.60, and provided in the award that Tilbury be paid the difference, $27,446.65, "in full settlement of all claims and counterclaims in this arbitration." In its cross motion at Special Term to vacate the award, Stillwater reiterated that the counterclaim was not predicated on the invoices that comprised Stillwater's claim. Stillwater further asserted that the award may have included consequential damages which, it maintained, was improper because of a provision in the invoices precluding Tilbury from recovering such damages. No claim of time limitation was made by Stillwater. Special Term concluded that invoices relating to transactions in Tilbury's counterclaim could properly be considered by the arbitrators, as all invoices in the dispute had the same arbitration clause. However, the court *sua sponte* ruled, insofar as Tilbury's counterclaim was concerned, that any breaches which occurred more than one year prior to the initiation of the arbitration were time barred and thus that the arbitrators in making any award for such breaches exceeded their powers under the arbitration clause. It found that the terms and conditions stated in the invoices did contain a provision barring consequential damages. The court was not satisfied that only valid items were included in the award, because there was no explanation or breakdown therein as to how the amount awarded on the counterclaim was computed. Thus, opined the court, the arbitrators may have exceeded their powers by allowing Tilbury consequential damages. For these stated reasons Special Term denied Tilbury's application to confirm, granted Stillwater's cross motion to vacate and directed a rehearing before the arbitration panel. We agree with Special Term that the arbitrators did not exceed their authority in considering Tilbury's counterclaim, as all the invoices in the transactions between the parties contained the same arbitration clause. We do not agree with Special Term that the arbitrators exceeded their authority in making any award to Tilbury for breaches which occurred more than one year before the

initiation of the arbitration. A period of limitation is an affirmative defense which must be timely asserted, otherwise it is waived (CPLR 3018, subd [b]; 3211, subd [e]; *Dunning v Dunning,* 300 NY 341, 343; *Goff v George,* 31 AD2d 579). Stillwater's failure to assert that defense in the arbitration proceeding or at Special Term constituted such a waiver. In the circumstances, it was error for Special Term *sua sponte* to raise that defense as a bar to Tilbury's counterclaim. We are not persuaded by Stillwater's argument that Tilbury's omission to allege in the counterclaim the particular invoices or transactions involved prevented Stillwater from seeking a stay under CPLR 7503 on the ground of the contractual time limitation and thus justified the action of Special Term in *sua sponte* raising such defense. Seven months elapsed between Stillwater's initiation of the arbitration and the hearing before the tribunal. It does not appear that Stillwater at any time during such period sought to obtain from Tilbury the specifics of the counterclaim (CPLR 3102, subd [c]). Any inability of Stillwater to move for a stay was attributable to Stillwater's inaction, i.e., failure to seek the details of Tilbury's counterclaim, and cannot serve to validate the court's *sua sponte* ruling that certain of the alleged breaches by Stillwater were time barred. We also hold that Special Term erred in vacating the award on the ground that it was unclear whether the arbitrators included consequential damages in the award to Tilbury. Arbitrators are not required to indicate the basis for an award. *(Matter of Colletti [Mesh],* 23 AD2d 245, 247, affd 17 NY2d 460; *Matter of Bay Ridge Med. Group v Health Ins. Plan of Greater N.Y.,* 22 AD2d 807, 808; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7510.05.) "The 'mere possibility' that the award exceeded the arbitrators' power by virtue of the inclusion of consequential damages excluded by the contract was an insufficient basis upon which to vacate the award" *(Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.],* 25 NY2d 451, 456). We have considered the other contentions of Stillwater and find them to be without merit. Concur — Birns, J.P., Carro, Markewich, Silverman and Bloom, JJ.