■ FALCON FORWARDING CO., INC., Appellant, v JOHN MORAN et al., Respondents. — In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Queens County (Lerner, J.), dated October 18, 1979, which, *inter alia,* dismissed the petition and granted the respondents' cross motion to confirm the award. Judgment affirmed, with $50 costs and disbursements. Special Term correctly ruled that the arbitrators were called upon to interpret not only the collective bargaining agreement, but also the writing dated April 1, 1975. Said writing contained the following language: "This is to confirm that as of April 1, 1975 Falcon Fwdg. Co., Inc. [petitioner] has absorbed the union contract of M.F.S.B. Trucking." The aforesaid language is unclear as to whether petitioner was absorbing the agreement with respect to M.F.S.B. employees only, or with respect to its own employees as well. The arbitrators received evidence and testimony from both parties on the issue of whether certain individuals were covered by the collective bargaining agreement and based their determination on the evidence before them. We agree with Special Term's finding that under the circumstances it cannot be said that the arbitrators' interpretation of the contract and the letter of April 1, 1975 is completely irrational or that they exceeded their authority (see *Matter of Burt Bldg. Materials Corp. [Local 1205, Int. Brotherhood of Teamsters],* 18 NY2d 556; *Matter of Adelstein v Ortiz Funeral Home Corp.,* 75 AD2d 529). Petitioner points to the fact that a prior decision of the National Labor Relations Board had concluded that none of petitioner's employees were members of the union and contends that the arbitrators therefore erred in holding otherwise. However, the law is well settled that in arbitration proceedings, errors of law or fact are not reviewable (see *Matter of Candor Cent. School Dist. [Candor Teachers Assn.],* 42 NY2d 266, 271; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). Finally, petitioner raises the claim that two of the arbitrators, as officials of the union, were necessarily biased. However, petitioner's failure to raise this issue previously precludes it from raising it for the first time on appeal. In addition, petitioner overlooks the fact that it consented to submit to the arbitration proceeding with the aforesaid arbitrators, yet at no time objected that they were biased. Pursuant to the collective bargaining agreement, each side had the right to designate three persons from its ranks. Under the facts of this case, then, a charge of bias may not be sustained because petitioner was well aware of the positions held by the representatives chosen by the union and consented thereto (cf. *Matter of Colony Liq. Distrs. [Local 669, Int. Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers of Amer.],* 34 AD2d 1060,

affd 28 NY2d 596). Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.