■ COLONIE HILL, LTD., Respondent, v FRED F. BONCORE, as Assessor of the Town of Islip, et al., Appellants. In the Matter of TRUSTEES, PENSION & RETIREMENT FUND, LOCAL 138, 138A AND 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS, et al., Respondents, v FRED F. BONCORE, as Assessor of the Town of Islip, et al., Appellants. — In consolidated proceedings pursuant to article 7 of the Real Property Tax Law, the Assessor and the Board of Assessment Review of the Town of Islip appeal from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated January 5, 1981, which, *inter alia,* confirmed a report (as amended) of the referee, and reduced the assessments for each of the tax years under review. Judgment modified, on the law, by deleting from the fifth decretal paragraph the words "at the rate of 6% per annum" and substituting therefor the words "at the rate of 3% per annum". As so modified, judgment affirmed, with costs to petitioners. The referee's report (as amended) reflects, with respect to each year in issue, a thorough and fair review of the significant evidence and a painstaking, carefully reasoned, correct application of the pertinent legal principles and permissible valuation methods (see *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538; *G. R. F., Inc. v Board of Assessors of County of Nassau,* 41 NY2d 512; see, also, *Matter of Great Atlantic*

& Pacific Tea Co. v Kiernan, 42 NY2d 236). His valuation method demonstrates permissible flexibility, varying in technique from the years immediately after construction, to the final years when the Lackmann Corporation had become the tenant (see Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, supra; Matter of 860 Fifth Ave. Corp. v Tax Comm. of City of N. Y., 8 NY2d 29). At bar, the final valuations of appellants' appraisal expert were derived by means of his use of the capitalization of income method. Those values exceeded the values under his reconstruction cost less depreciation study, and materially exceeded the valuations reported by petitioners' expert under the reconstruction method. In People ex rel. Manhattan Sq. Beresford v Sexton (284 NY 145, 149), the Court of Appeals held: "In assessing an improvement upon real estate for tax purposes the maximum value which ordinarily may be placed upon it is reconstruction cost less depreciation. The value of the improvement arrived at by capitalization of potential or actual income may well be weighed and considered but if it be more than reconstruction cost less depreciation, at least in the absence of extraordinary circumstances not present here, the latter still remains the maximum value which may be assessed upon the property. * * * The values arrived at here exceeded so materially the uncontradicted proof as to the reconstruction cost of the building less depreciation that they, of necessity, indicate that the court failed to give effect to the limitation indicated. That was error as a matter of law." Appellants argue, however, that "the subject property is a 'speciality' or 'prestige type structure' [see Matter of Seagram & Sons v Tax Comm. of City of N. Y., 14 NY2d 314; Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y., 19 AD2d 56] and, therefore, the reproduction cost less depreciation does not set the maximum value of the subject property. However, the referee did not consider this issue in his report after having heard testimony on it. Accordingly, the market values arrived at by Howard Jackson the [appellants'] appraiser via the capitalization of [income] approach are the most probative values of the subject property." We disagree, for two reasons: First: The written report of appellants' appraiser contains no estimated gross income figures. The derivation of his net income dollar figures are not adequately or reasonably explained; they merely appear to rise mysteriously from a large mass of undigested studies. Accordingly, no weight can be given to his capitalization study. Second: The following findings were made by the referee, were fully supported by the evidence, and establish that under the applicable principles of law (see Matter of County of Nassau [Colony Beach Club of Lido], 43 AD2d 45, affd 39 NY2d 958; Matter of Great Atlantic & Pacific Tea Co. v Kiernan, 42 NY2d 236, supra; Matter of Seagram & Sons v Tax Comm. of City of N. Y., 14 NY2d 314, supra; Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y., 19 AD2d 56, supra), the property may not be valued as a specialty: "The Colonie Hill property as a whole is not readily marketable, and no negotiations ever resulted in a sale. A major difficulty was the opinion of prospective purchasers that 300 or more additional motel rooms were necessary, the location, and taxes were too burdensome. The area is not a resort area, nor is it being developed as such. Energy problems and interest rates have had an effect on values. The plan and design of the complex was not wholly suitable for the different uses, making efficient operation difficult * * * There were cost overruns in the original construction which resulted in a total cost above that which should have been incurred for the complex based on proper original plans and designs, but the dollar amount of any such costs is not revealed in the evidence. The complex as a whole is overbuilt, and is somewhat of a 'white elephant'. The possibilities of more profitable operations from a change of use or zoning is speculative and might well require additional

investment without assurance of adequate return." In *Matter of County of Nassau (Colony Beach Club of Lido)* (43 AD2d 45, 49, *supra*), this court held that "[b]efore a property can qualify as a specialty entitled to the summation approach, the following criteria must be established * * * (d) The improvement must be an appropriate improvement at the time of taking and its use must be *economically feasible and reasonably expected to be replaced*." (See, also, *Chiloway Charcoal v State of New York*, 33 AD2d 712, affd 28 NY2d 914 [condemnation].) In *Matter of Great Atlantic & Pacific Tea Co. v Kiernan* (42 NY2d 236, 240, *supra*), a tax certiorari proceeding, the Court of Appeals stated that: "a specialty may perhaps be best defined as a structure which is *uniquely* adapted to the business conducted upon it or use made of it *and* cannot be converted to other uses without the expenditure of substantial sums of money * * * Property has been categorized as a specialty where some intangible element such as the owner's prestige or good will inheres in its value". At bar the property was poorly planned and constructed, poorly designed and located, was not in fact operated for the owner's prestige or good will, and may not be treated as a specialty. We find that the options to purchase contained in the Lackmann leases are of minimal significance. As noted by the referee, they were not exercised. Further, petitioners are correct in their argument that "[t]he options in the Lackmann leases were arrived at by adding to the costs of land, costs of construction, maintenance, repairs, insurance, mortgage interest and real property taxes of almost $1,000,000 a year and this figure increased each year in the hope the Pension Fund could recoup some of its losses." Also meritless is appellants' contention that the referee's amendment of his report was invalid because of alleged loss of jurisdiction. The error corrected by him was a mere mathematical miscomputation appearing on the face of the referee's original report (see *Kantor v Kalnick*, 58 AD2d 775). Appellants' further contentions with respect to the referee's report are similarly without merit. The judgment entered on that report, however, provides for interest at 6% per annum. Appellants correctly argue that the proper rate is 3% per annum (see General Municipal Law, § 3-a, subd 1; see, also, *Grant Co. v Srogi*, 52 NY2d 496, 517; 36 Opns St Comp, 1980, 80-435; cf. General Municipal Law, § 3-a, subd 2 [condemnation]; *Matter of County of Nassau* [Eveandra Enterprises], 42 NY2d 849, app dsmd 434 US 804; *Matter of South Bronx Neighborhood Dev. Plan,* 110 Misc 2d 571). Accordingly, the judgment must be modified and as so modified, affirmed, with costs to petitioners. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.