(October 19, 1982)

■ 68TH ASSOCIATES, Appellant, v VIDAR CONSTRUCTION CORP., Respondent. — Order and judgment (one paper) of the Supreme Court, New York County (Lane, J.), entered July 31, 1981, which (i) denied the petition to vacate the arbitrator's award, (ii) granted the cross petition to confirm the award, and (iii) awarded a judgment in the sum of $200,000 to Vidar against Associates and permitted execution thereon, unanimously modified, on the law, and as stipulated by the parties, by vacating so much thereof as granted judgment of $200,000 with execution to Vidar, and by directing that the first disbursements of the arbitrator's award be made to the subcontractor with the excess to be paid to Vidar, and, as modified, affirmed, without costs. 68th Associates is the owner of a building located at 2 East 64th Street. In 1978, Associates entered into an agreement with Vidar Construction Corp. to renovate that building. During the course of the renovation, a dispute arose between the parties as to work and progress upon the building. In 1980, the parties submitted the dispute to arbitration. Paragraph 1 of the submission agreement begins as follows: "1. The parties hereto do hereby submit any and all manner of actions, each and every cause, and all causes of actions, suits, controversies, claims, and demands whatsoever, now pending and existing by and between them, as aforesaid to Mr. Walter Nelson". At arbitration, Vidar claimed that $511,035 was due for the work it performed; Associates cross-claimed for damages totaling $466,599.93. Arbitrator Nelson found that both parties had breached the renovation agreement. However, he awarded Vidar $200,000 for the settlement of its claims under the contract. The arbitrator also recommended that the first disbursements of any moneys from the award be made in satisfaction of the subcontractors' liens under the contract. Upon reconsideration, the arbitrator stated that he had considered the claims of both parties and that his decision was a net amount award to Vidar. Special Term granted the cross petition to confirm the arbitrator's award and it denied the petition to vacate or modify the award. It also awarded a judgment in the sum of $200,000 to Vidar against Associates and it permitted Vidar to execute thereon. Upon appeal, Associates primarily maintains that the arbitrator exceeded his power and imperfectly executed that power (CPLR 7511, subd [b], par 1, cl [iii]). Specifically, Associates argues that the award is imperfect because the arbitrator did not separately indicate the portions of the claims and cross claims that were being allowed. However, it is unnecessary for an arbitrator to give a reason for his decision. (*Matter of Weiner Co.* [*Freund Co.*], 2 AD2d 341, 342, affd 3 NY2d 806.) Thus, in a similar setting, the court has confirmed a net resolution of claims made by an arbitrator. (*P & G Plumbing & Heating Corp. v Pulver,* 53 AD2d 605.) Consequently, it cannot be validly said that the arbitrator in this case imperfectly exercised his powers. Likewise, there is no merit to Associates' contention that he exceeded his powers since the award is not irrational (*Matter of National Cash Register Co. v Wilson,* 8 NY2d 377, 383). Finally, there is no sound reason presented for modifying the award or remanding the matter under CPLR 7511 (subd [c]) in view of the fact that the arbitrator satisfactorily resolved the dispute submitted to him. Nonetheless, the judgment entered by Special Term does exceed the scope of the arbitrator's award. The "pooling agreement" executed by these parties and the two subcontractors provides that any funds received from an arbitration award will first be paid to those subcontractors to whom money is owed. Upon oral argument, the parties stipulated that Associates would pay the first disbursements under the award to the subcontractors with the excess being paid to Vidar. The judgment is now modified accordingly. Concur — Murphy, P. J., Kupferman, Markewich and Lynch, JJ.