■ In the Matter of REDDICK AND SONS OF GOUVERNEUR, INC., Respondent, v CARTHAGE CENTRAL SCHOOL DISTRICT No. 1, Appellant. — Order and judgment modified and, as modified, affirmed, without costs, in accordance with memorandum. All concur, Simons, J. P., not participating. Memorandum: Respondent School District No. 1 (school district) appeals from an order and judgment which confirmed an arbitrators' award in favor of Reddick and Sons of Gouverneur, Inc. (Reddick) and which denied the school district's cross motion to vacate the award. In its demand for arbitration, Reddick claimed that it was entitled to an award of $246,016.49 for work done on a school construction project. The school district interposed a counterclaim against Reddick claiming that it was entitled to abate the contract price by $258,535 due to alleged faulty construction. Following extensive hearings before a three-arbitrator panel, the arbitrators issued an award directing that the school district pay Reddick the sum of $157,847.64 plus interest at the rate of 9% from April 25, 1982. The award was "in full settlement of all claims submitted to this arbitration." The school district contends that the arbitration award was indefinite and nonfinal because it did not resolve the issues and disputes between the parties. Its principal objection is that there was a blanket monetary award made to the contractor Reddick without any detailed data as to how the arbitrators arrived at such a sum. In our view, the lower court appropriately disposed of this objection in its memorandum decision by its finding that "[t]he award clearly specifies a definite sum of money representing the bottom line resolution of all claims between these parties." It is well settled that an arbitrator of a private dispute does not have to make findings nor specify the formula used in calculating the award (*Matter of Colletti* [*Mesh*], 23 AD2d 245, 247, affd 17 NY2d 460; *Tilbury Fabrics v Stillwater, Inc.,* 81 AD2d 532, affd 56 NY2d 624). The school district raises a new issue on appeal, which concededly it failed to raise in the court below, dealing with the legality of the interest awarded. Subdivision 1 of section 3-a of the General Municipal Law, in effect at the time of the award, provided that the rate of interest to be paid by a municipal corporation upon a judgment or accrued claim against a municipal corporation shall not exceed 3% per annum. The term municipal corporation as used in this section specifically includes a school district (General Municipal Law, § 3-a, subd 3). Section 3-a of the General Municipal Law has since been amended to increase the rate of interest which may be charged upon a judgment or accrued claims against a municipal corporation to 9% per annum (L 1982, ch 681). This amendment, approved on July 22, 1982, is effective on the first day of the fiscal year of each municipal corporation affected by it after the date of its enactment. In actions in which interest is to be computed from a date prior to such effective date, interest is to be computed at the rate existing until that date and thereafter at the rate as provided for in the statute (L 1982, ch 681, § 5). Although the objection to the

interest rate was not raised below and consequently not addressed by that court, the order and judgment must be modified to correct a miscalculation in the interest award (see CPLR 7511, subd [c]). Interest is to be fixed at the rate of 3% per annum from April 25, 1982 until the first day of the fiscal year of respondent school district commencing after July 22, 1982 at which time interest is awarded at the rate of 9% per annum (*Colonie Hill v Boncor,* 87 AD2d 581). As so modified, the award of the arbitrators is in all other respects confirmed as is the order and judgment appealed (*Matter of Civil Serv. Employees Assn. v State of New York,* 80 AD2d 970, affd 56 NY2d 663). (Appeal from order and judgment of Supreme Court, Onondaga County, Hayes, J. — arbitration.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.