■ ACO REALTY CORPORATION, Respondent, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant. (And 16 Other Proceedings.) — Order unanimously modified and, as modified, affirmed, with costs to petitioners, in accordance with the following memorandum: The City of Syracuse appeals from an order (affecting 18 unconsolidated cases) which, *inter alia,* directed a hearing be held to determine the interest to be paid by the city on refunds due successful taxpayers in proceedings commenced by them pursuant to article 7 of the Real Property Tax Law. In their motion for summary judgment, the taxpayers contend that the maximum interest rate of 3% established in section 3-a of the General Municipal Law constitutes an unconstitutional taking as it applies to their property (money), without just compensation. Additionally they maintain that the City of Syracuse has a history of deliberately overassessing its downtown and commercial property requiring property owners (taxpayers) to pay excessive taxes and to incur costs for legal assistance in instituting proceedings to obtain tax refunds. In the meantime, the city has the use and benefit of their money at an unreasonably low rate of interest. The city denies these claims and argues that the matter of interest rates has been legislatively determined and is not properly questioned in judicial proceedings. Furthermore it claims that some of the

petitioners have withheld payment of their taxes so they have not been deprived of their money.

Summary judgment was properly denied on this issue. Although these cases present a common concern, each is factually different. A hearing is required but for different reasons. The right to relief in a tax certiorari proceeding is a statutory one, and the courts are not empowered to grant equitable relief where the Legislature has expressed a contrary intention (see *Matter of Brodsky v Murphy*, 25 NY2d 518; cf. *Matter of O'Berry*, 179 NY 285). The right to interest on tax refunds is statutory. Section 726 (subd 1, par [a]; subd 2) of the Real Property Tax Law directs the payment of interest on real property tax refunds. Section 3-a of the General Municipal Law establishes the applicable interest rate. This precludes a finding that any inadequacy in the 3% interest rate results in an unconstitutional taking (see *Colonie Hill v Boncore*, 87 AD2d 581, 583, mot for lv to app den 57 NY2d 608). The court may not use its equity powers to redefine the appropriate interest rate in the absence of a determination that there was an unconstitutional taking.

We have stated in a previous City of Syracuse tax assessment case that "[a] sovereign may not arbitrarily separate a citizen from his property and then unduly delay its mandated return" (*Grant Co. v Srogi*, 71 AD2d 457, 474, affd in part, revd in part, 52 NY2d 496). "Measures enacted in the exercise of the taxing power for the purpose of raising revenues violate the due process clause ' "only if the act be so arbitrary as to compel the conclusion that it does not involve an exertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power, as, for example, the confiscation of property" ' " (*Matter of Ames Volkswagen v State Tax Comm.*, 47 NY2d 345, 348-349). To prevail, petitioners must prove that the City of Syracuse engaged in a systematic and deliberate scheme to, in effect, confiscate their personal property, i.e., their tax payments, by overassessing the downtown real property and delaying litigation so that the excess tax moneys effectively constituted a forced loan at an interest rate of 3% per annum. This would be held to be a taking without due process of law and without just compensation. Only when there has been a determination that there has been a "taking" may the presumption of reasonability of the legislatively fixed rate be challenged. The taxpayer may then introduce relevant evidence of the prevailing market rates to rebut the statutory presumption of reasonableness and demonstrate that some higher rate should be paid to assure just compensation (cf. *Matter of City of New York [Brookfield Refrig. Corp.]*, 58 NY2d 532, 537). (Appeal from order of

Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.