(April 1, 1986)

■ MARGARET FINLEY, Respondent, v MANHATTAN DEVELOP-MENTAL CENTER, OFFICE OF MENTAL RETARDATION, Appellant. —Judgment, Supreme Court, New York County (Stecher, J.), dated July 10, 1985, entered August 6, 1985, which granted petitioner's petition to vacate or modify an arbitration award to the extent of vacating that part of the award which found appropriate the punishment of dismissal from employment, and remanded the issue of punishment to the arbitrator for further consideration, unanimously reversed, on the law, the arbitration award confirmed, the petition denied and the proceeding dismissed, without costs.

Petitioner was employed as a mental hygiene therapy aide by respondent. In June of 1984 she was charged with failing to report serious physical abuse of one of the respondent's clients, which abuse she had witnessed while at work at respondent's premises, and given notice of her discharge, the prescribed penalty for such failure. Pursuant to a collective bargaining agreement between the State of New York and the Civil Service Employees' Association, respondent's discharge of petitioner was referred to an arbitrator for hearing and decision.

The arbitrator heard testimony from petitioner and others, including an undercover investigator who was assigned to work at respondent's facility in the role of a maintenance assistant. The undercover investigator described an incident of serious physical abuse to one of respondent's clients. He stated that petitioner entered the room where the abuse was taking place, while it was in progress, and told her co-worker to take it easy and wait until two housekeepers who were in the area had left. The petitioner, the co-worker who had committed the abuse, and the two housekeepers testified that no such inci-

dent as described by the undercover investigator had ever occurred. The arbitrator credited the testimony of the undercover investigator. He found the charges against petitioner and her co-worker who had committed the abuse to be proven. He found the charges against the two housekeepers not to have been proven. He found the penalty of termination for petitioner and her co-worker who had committed the abuse to be appropriate.

The court in vacating the arbitration award and remanding the matter to the arbitrator on the issue of punishment found the punishment to be disproportionate to the offense committed. In its decision the court stated that it did not appear from the arbitrator's decision that he had considered, on the issue of punishment, the employment record of the petitioner, including 10 years of agency service, without prior complaints, and with commendations. It has been held that "the validity of an award is unaffected by the absence of a recital of the reasons for the award [citation omitted]; and an award may not be vacated because the arbitrators did not give their reasons for the award" *(Matter of Bay Ridge Med. Group v Health Ins. Plan,* 22 AD2d 807 [2d Dept 1964]). The arbitrator's omission to discuss the petitioner's employment history does not render the decision defective, since there is no evidence that he overlooked any factors which petitioner had an opportunity to advance at the hearing.

Further, CPLR 7511 (b) sets forth the grounds upon which an arbitration may be vacated. There exists no authority under that section to vacate an arbitration award, or a portion of it, for remand and consideration of factors thought to be overlooked. Concur—Murphy, P. J., Sandler, Milonas, Kassal and Rosenberger, JJ.