■ J.J.K. CONSTRUCTION, INC., Respondent, v L. RICHARD ROSENBERG et al., Appellants, et al., Defendant.—In an action to foreclose a mechanic's lien, which dispute was submitted to arbitration, resulting in an arbitration award dated October 29, 1986, which ordered the appellants to pay the plaintiff the sum of $120,600 plus 9% interest from November 15, 1986, the appeal is from an order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), entered August 5, 1987, which granted the plaintiff's motion to confirm the award and denied the appellants' cross motion to vacate it.

Ordered that the order and judgment is affirmed, with costs.

After a dispute arose between the plaintiff and the appellants over construction work performed by the plaintiff at the appellants' project, the plaintiff brought an action to foreclose a mechanic's lien. The appellants then brought an application pursuant to CPLR 7503 (a) to compel the arbitration of claims set forth in the plaintiff's complaint. The dispute was submitted to arbitration and the arbitrators unanimously determined that the appellants were liable to the plaintiff and awarded it the sum of $120,600 plus interest. The plaintiff's motion to confirm the award was granted by the Supreme Court.

The appellants contend that the arbitrators' award should be vacated because the denial of their request for the original payroll records of the plaintiff constituted misconduct under CPLR 7511. The burden of proving misconduct rests with the appellants and must be met by clear and convincing proof *(see, Matter of Wiener Furniture Co. [Kingston City Schools Consol.],* 90 AD2d 875; *Matter of Goltz v Ripps,* 88 AD2d 1052). It is well settled that an arbitration panel is not bound by those principles of substantive law or rules of procedure which govern the traditional litigation process *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Associated Teachers v Board of Educ.,* 33 NY2d 229; *Lentine v Fundaro,* 29 NY2d 382).

We agree with the Supreme Court that the appellants have failed to prove that the arbitrators engaged in misconduct by refusing to order the production of the original documents. The record reveals that counsel for the appellants had examined the original materials prior to the commencement of the proceedings and had copies of the documents in his possession. Moreover, the testimony of the plaintiff's witnesses as to the computation of damages was subjected to extensive cross-examination. The arbitration panel correctly deemed the appellants' request irrelevant to the issues before it.

Nor does the panel's failure to provide the basis for its computation of its award of damages vitiate the award. "It is well settled that an arbitrator of a private dispute does not have to make findings nor specify the formula used in calculating the award *(Matter of Colletti [Mesh],* 23 AD2d 245, 247, affd 17 NY2d 460; *Tilbury Fabrics v Stillwater, Inc.,* 81 AD2d 532, affd 56 NY2d 624)" *(Matter of Reddick & Sons v Carthage Cent. School Dist. No. 1,* 91 AD2d 1182). Short of complete irrationality, arbitrators may do justice and fashion the remedy to fit the facts before them *(Matter of Exercycle Corp. [Maratta],* 9 NY2d 329; *Lentine v Fundaro, supra).* Courts may not substitute their judgment for that of the arbitrators *(Matter of Adelstein v Ortiz Funeral Home Corp.,* 75 AD2d 529, *affd* 52 NY2d 997; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578). The award in this case, which was for a sum less than that sought by the plaintiff, was supported by the evidence submitted and was rational. Nor was it error to award witness fees to the plaintiff *(see, Morris v Government Employees Ins. Co.,* 81 AD2d 880).

The record fails to support the appellants' remaining contention that the arbitrators were hostile, partial and biased

against them. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.