■ In the Matter of the Arbitration between CENTRAL QUEENS YOUNG MENS/YOUNG WOMENS HEBREW ASSOCIATION, INC., Respondent, and JOHANSEN & BHAVNANI, ARCHITECTS, et al., Respondents; THEO L. RUBSAMEN CO., INC., Appellant.— Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered December 14, 1988, insofar as it granted the petition to confirm a net award of $72,300 plus interest and costs against respondent Theo L. Rubsamen Co., Inc., unanimously affirmed without costs.

Petitioner sought arbitration of multiple claims against Rubsamen, a general construction contractor. Rather than itemizing the 36 claims and specifying the calculations on those upheld, the arbitrators merely awarded a gross lump sum of $112,300, less $50,000 owed to Rubsamen on a counterclaim. Such a lump-sum award does not render the arbitrators' decision irrational (*Matter of Reddick & Sons v Carthage Cent. School Dist. No. 1,* 91 AD2d 1182; *68th Assocs. v Vidar Constr. Corp.,* 90 AD2d 462).

Rubsamen was not entitled to a discrete award on its counterclaim, separate from the award on petitioner's claims, so as to facilitate Rubsamen's proper claim for the gross amount against its insurer while protecting the counterclaim award from setoff. It is entirely appropriate for arbitrators to make a net resolution in full settlement of all claims and counterclaims (*see, Tilbury Fabrics v Stillwater, Inc.,* 81 AD2d 532 [1st Dept], *affd* 56 NY2d 624), and they made the fact of the separate counterclaim question clear. The fact that Rubsamen's insurer may have participated, through counsel, in the arbitration proceeding does not make that insurer a party to the proceeding, and the possibility that an award may result in further litigation does not render that award irrational (*see, Matter of De Vitre [Bohn],* 22 AD2d 856). Concur—Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.