■ BREWSTER EXCAVATING CORPORATION, Respondent, v CHESTER WOODS ASSOCIATES, Appellant-Respondent, RALPH J. ALBARANO & SONS, INC., Respondent-Appellant, et al., Respondents.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, in which Chester Woods Associates cross-petitioned to vacate the award, Chester Woods Associates appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Green, J.), dated May 15, 1989, as, upon granting the petition and denying its cross petition, is in favor of the petitioner and against it in the principal sum of $1,729.97 and is in favor of Ralph J. Albarano & Sons, Inc., and against it in the principal sum of $135,709, and Ralph J. Albarano & Sons, Inc., cross-appeals from so much of the same judgment as is in favor of the petitioner and against it in the principal sum of $105,650.

Ordered that the cross appeal of Ralph J. Albarano & Sons, Inc., is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from by Chester Woods Associates; and it is further,

Ordered that the petitioner is awarded one bill of costs.

Chester Woods Associates (hereinafter Chester), owner of the Windridge Condominiums in Orange County, contracted with Ralph J. Albarano & Sons, Inc. (hereinafter Albarano) to have the latter do excavation work for it. Albarano, as general contractor, subcontracted the work to the petitioner Brewster Excavating Corporation (hereinafter Brewster).

After Brewster had worked on the site for several months, Chester requested that Albarano remove Brewster as its excavation and utility subcontractor and then terminated its agreement with Albarano. Brewster and Albarano, claiming outstanding sums due for work and materials rendered, each filed a mechanic's lien against the property. Subsequently the three parties agreed by written stipulation to submit their claims and defenses arising out of this matter for determination by arbitration before the American Arbitration Association (hereinafter the AAA).

The arbitration hearings were held at the AAA's offices. While one of Chester's principals was testifying on the fifth day of the hearings, 1 of the 3 arbitrators allegedly shouted at the witness, "This is an insult, this whole thing has been an insult since the beginning, you are an insult". Chester's attorney stated that his client refused to continue as long as this arbitrator remained on the panel. The panel chairman admonished Chester to remain at the hearing and advised the parties that the panel would seek an immediate ruling on Chester's objection from the AAA's regional vice-president who was in the adjoining room.

When the panel returned approximately 10 minutes later, Chester and its attorney had already departed. The panel determined to continue the hearing in Chester's absence and it heard rebuttal testimony from one of Brewster's witnesses. The hearings were then concluded. That same day Chester wrote a letter to the AAA objecting to the continued service of the arbitrator and asked for a ruling as to whether the hearing would continue.

The AAA responded that each of the parties should submit closing statements. The AAA denied Chester's later request to reopen the hearings so that it could introduce further live testimony, but granted it the right to submit its witnesses' affidavits for the panel's consideration. Although Chester filed a closing statement, it did not offer the panel any witnesses' affidavits.

The arbitrator to whom Chester objected resigned, and the remaining two panel members ruled in favor of Brewster and Albarano. Brewster then commenced this proceeding pursuant to CPLR 7510 to confirm the award and Chester cross-moved to vacate it.

Chester contends that the arbitrator's award should be vacated because the arbitrators improperly continued the proceedings after it left. It claims that pursuant to the governing rules of the AAA the only recourse open to it was to withdraw from the hearings and to place its objection to the arbitrator's outburst in writing. We disagree. The Construction Industry Arbitration Rules state that in the event of an objection, the AAA shall conclusively determine whether an arbitrator should be disqualified. The record reveals that the AAA's regional vice-president was readily available to the arbitration panel and to the parties, for an immediate ruling on Chester's objection. Chester improperly walked out of the proceedings before that ruling was rendered and accordingly,

it was within the panel's domain to continue the proceedings in Chester's absence *(see, Harwyn Luggage v Henry Rosenfeld, Inc.,* 58 NY2d 1063; *see also, Matter of Griffin v Ayash,* 125 AD2d 226).

Nor does the AAA's determination to deny Chester's request to reopen the hearings vitiate the award. Pursuant to its rules, the AAA permitted Chester the opportunity to submit its evidence by affidavit. Chester should not be allowed to benefit from its failure to do so *(see, Harwyn Luggage v Henry Rosenfeld, Inc., supra).*

We find that Chester has failed to meet its burden of showing by clear and convincing proof that any of the arbitrators' actions constituted misconduct *(see, Matter of Professional Staff Congress/City Univ. v Board of Higher Educ.,* 39 NY2d 319; *J.J.K. Constr. v Rosenberg,* 141 AD2d 507).

In light of the statement in Albarano's brief that it would abandon its cross appeal should the judgment be affirmed insofar as appealed from by Chester, the cross appeal is dismissed. Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.