■ PAUL FITZGERALD, Respondent, v FAHNESTOCK & CO., INC., et al., Appellants. [850 NYS2d 452]—

Judgment, Supreme Court, New York County (Carol Edmead, J.), entered February 14, 2007, awarding petitioner the principal sum of $436,000, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about December 12, 2006, which confirmed the arbitration award, unanimously

dismissed, without costs, as subsumed in the appeal from the judgment.

Respondents argue on appeal that the Federal Arbitration Act (FAA) (9 USC § 1 *et seq.*) governs the arbitration of this dispute, including review of the arbitration award. While petitioner now takes the position that the standard of review is governed by CPLR article 75, he conceded below that since the dispute concerned employment in the securities industry, the standard of review set forth in the FAA is applicable (*see e.g. Matter of Salvano v Merrill Lynch, Pierce, Fenner & Smith*, 85 NY2d 173, 180 [1995]).

Although the FAA applies, the arbitrators did not manifestly disregard the law (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 480 [2006]). Contrary to respondents' claim, the settlement agreement and release between petitioner and Fahnestock, which contained a recital of petitioner's action against Fahnestock and their desire to settle the action, but no reference to petitioner's employment or his employment agreement, is not necessarily a general release (*see Morales v Solomon Mgt. Co., LLC*, 38 AD3d 381, 382 [2007]).

Moreover, "a release may not be read to cover matters which the parties did not desire or intend to dispose of" (*Cahill v Regan*, 5 NY2d 292, 299 [1959]). The arbitrators may have credited petitioner's testimony that he intended the settlement agreement and release to cover only two specific matters rather than the contrary testimony of respondents' witnesses.

Even if the settlement agreement and release were a general release, it would not bar petitioner's equitable claims, which accrued after the date of the release. Since petitioner's statement of claim included causes of action for quantum meruit and unjust enrichment, and since petitioner's closing statement sought equitable relief, the arbitrators could have made their award based on equity instead of the employment agreement (*see Duferco Intl. Steel Trading v T. Klaveness Shipping A/S*, 333 F3d 383, 390 [2d Cir 2003]).

We are not persuaded by respondents' argument that the amount of the award has no support in the record. "[A]ssessment of the evidence presented at an arbitration proceeding is the arbitrator's function rather than that of the court" (*Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 296 [1991]). An arbitrator "may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting the spirit rather than the letter of the agreement" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). The award in this case, which was less than the amount

sought by petitioner, is not irrational (*see J.J.K. Constr. v Rosenberg*, 141 AD2d 507, 508 [1988]).

We have considered respondents' remaining arguments and find them unavailing. Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.