Whitney v Perrotti (2018 NY Slip Op 06343)





Whitney v Perrotti


2018 NY Slip Op 06343


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


886 CA 18-00276

[*1]CHRISTIE WHITNEY, PLAINTIFF-RESPONDENT,
v
JACOB R. PERROTTI, DEFENDANT-APPELLANT. 






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JEFFREY SENDZIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
DEMPSEY & DEMPSEY, BUFFALO (CATHERINE B. DEMPSEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 16, 2017. The order granted the motion of plaintiff to vacate an arbitration award and denied the cross motion of defendant to confirm said award. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted, and the arbitration award is confirmed.
Memorandum: Defendant appeals from an order that granted plaintiff's motion seeking to vacate an arbitration award and denied defendant's cross motion to confirm the arbitration award.
This case arose from a motor vehicle accident that occurred when plaintiff's vehicle was struck from behind by defendant's vehicle. Plaintiff commenced this negligence action, and the parties submitted the case to binding arbitration. Following the arbitration proceeding, which was not transcribed, the arbitrator determined that defendant's negligence was the sole cause of the accident but that plaintiff failed to establish that such negligence was a substantial factor in causing plaintiff to sustain a serious injury pursuant to Insurance Law § 5102 (d). Supreme Court granted plaintiff's motion to vacate the arbitration award and denied the cross motion on the ground that the arbitration award was "imperfectly made" because the arbitration proceeding was not transcribed and the arbitration award failed to set forth in detail the arbitrator's reasoning. We reverse the order, deny the motion, grant the cross motion, and confirm the award.
"It is well settled that judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]). As relevant here, a court may vacate an arbitration award if it finds that the rights of a party were prejudiced when "an arbitrator . . . exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]).
We agree with defendant that the arbitration award is not irrational. An arbitrator exceeds his or her power where, inter alia, the award is "irrational" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]), i.e., "there is no proof whatever to justify the award" (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013], lv denied 21 NY3d 863 [2013] [internal quotation marks omitted]). Where, however, "an arbitrator offers even a barely colorable justification for the outcome reached, the arbitration award must be upheld" (id. [internal quotation marks omitted]). Here, the arbitrator's determination is not irrational inasmuch as defendant submitted evidence establishing that plaintiff's injuries were not [*2]serious or were not caused by the accident (see Matter of Mays-Carr [State Farm Ins. Co.], 43 AD3d 1439, 1440 [4th Dept 2007]; see generally Doucette v Cuviello, 159 AD3d 1528, 1529 [4th Dept 2018]; Bleier v Mulvey, 126 AD3d 1323, 1324 [4th Dept 2015]; Cummings v Jiayan Gu, 42 AD3d 920, 922 [4th Dept 2007]).
Plaintiff correctly concedes that the arbitrator did not "imperfectly execute[]" his power (CPLR 7511 [b] [1] [iii]), inasmuch as the arbitration award did not " leave[] the parties unable to determine their rights and obligations,' " fail to " resolve the controversy submitted or . . . create[] a new controversy' " (Yoonessi v Givens, 78 AD3d 1622, 1622-1623 [4th Dept 2010], lv denied 17 NY3d 718 [2011], quoting Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]).
Additionally, "it is well established that an arbitrator's failure to set forth his [or her] findings or reasoning does not constitute a basis to vacate an award" (Berman v Congregation Beth Shalom, 171 AD2d 637, 637 [2d Dept 1991], lv dismissed 78 NY2d 889 [1991]; see Tilbury Fabrics v Stillwater, Inc., 81 AD2d 532, 533 [1st Dept 1981], affd 56 NY2d 624 [1982]); Finley v Manhattan Dev. Ctr., Off. of Mental Retardation, 119 AD2d 425, 426 [1st Dept 1986]; Matter of Reddick & Sons of Gouverneur v Carthage Cent. Sch. Dist. No. 1, 91 AD2d 1182, 1182 [4th Dept 1983]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court