Matter of 936 Second Ave. L.P. v Wilson Evans 50th LLC (2019 NY Slip Op 02659)





Matter of 936 Second Ave. L.P. v Wilson Evans 50th LLC


2019 NY Slip Op 02659


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8941 656401/16

[*1]In re 936 Second Avenue L.P., Petitioner-Appellant,
v
Wilson Evans 50th LLC, Respondent-Respondent.


Rivkin Radler, LLP, New York (Henry Mascia of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered January 12, 2018, which denied the petition to vacate the arbitration award dated August 30, 2016, and confirmed the award, unanimously affirmed, without costs.
The court properly found that there is no basis to disturb the award. The appraisal was made pursuant to the procedures set forth in the lease, and the appraisers stated that the net lease was taken into consideration when valuing the premises. Petitioner failed to establish by clear and convincing evidence that the arbitration award should be vacated on the ground that it was irrational, or in violation of the terms of the lease
(see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530 [2010]). The motion court correctly rejected petitioner's claim that the appraisers could not have logically reached the result they did, as they were not required to set forth a detailed explanation of the determination (see Finley v Manhattan Dev. Ctr., Off. of Mental Retardation, 119 AD2d 425, 426 [1st Dept 1986]). Furthermore, petitioner did not object to the appraiser appointed by respondent, or substantiate, by clear and convincing evidence, that the appraiser was, in fact, biased. In any event, petitioner was purportedly aware of any alleged bias of respondent's appraiser at the time of the arbitration, and has therefore waived any alleged prejudice (see 1000 Second Ave. Corp. v Rose Trust, 171 AD2d 429 [1st Dept 1991]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK