■ In the Matter of the Arbitration between the CIVIL SERVICE EMPLOYEES ASSOCIATION, INC. (IDA J. VERSACI), Appellant, and LAWRENCE C. KOLB, as Commissioner, Department of Mental Hygiene of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 30, 1977 in Albany County, which denied petitioner's application to vacate that part of an arbitrator's award that directed reinstatement without back pay. This proceeding was commenced pursuant to CPLR article 75 to vacate that part of an award in arbitration which denied back pay to the petitioner upon reinstatement to

her position with the Department of Mental Hygiene at the Brooklyn Development Center. On February 4, 1977, petitioner was suspended from her duties as a psychiatric social worker by her supervisor for disciplinary reasons at that time being advised that a formal notice of discipline would be sent to her within three days as required by the Civil Service Employees Association, Inc., collective bargaining agreement. This notice, dated and mailed on February 7, 1977, was received on February 8, 1977. Petitioner filed objections in response to the notice, and, after intermediate steps in the grievance procedure had been exhausted, demanded arbitration on February 19, 1977. A hearing was scheduled for March 21, 1977, more than the 14 days prescribed in the collective bargaining agreement. At the request of petitioner's attorney, the hearing was adjourned to April 4, 1977, and by agreement was further adjourned to April 12, 1977. At the opening of the hearing, petitioner's attorney, for the first time, moved to dismiss the notice of discipline on the ground that it had not been timely served in accordance with the collective bargaining agreement. Decision was reserved on the motion, and the hearing continued on the merits. On May 24, 1977, the arbitrator rendered his decision and award, which dismissed the notice of discipline on the ground that it had not been timely served, and directed petitioner's reinstatement, but without back pay. Petitioner then brought this proceeding asserting that the arbitrator had exceeded his power by penalizing the petitioner in reinstating her without back pay after he had dismissed the notice of discipline for a procedural irregularity. Special Term denied the petition stating: "The only grounds upon which an arbitration award may be vacated by a party who participated in the arbitration are set forth in Section 7511 CPLR. If the moving party cannot establish one of the statutory grounds, the award must be confirmed (*Granite Worsted Mills, Inc. v. Aaronson Cowen, Ltd.,* 25 NY2d 451, 454), and the burden of justifying vacatur is upon the petitioner (*Brill v. Muller Brothers,* 13 NY2d 776). A court may not even set aside an award because it feels that the arbitrator's interpretation disregarded the apparent or even the plain meaning of rules, or that he misrepresented the facts or that his conclusions resulted from a misapplication of settled legal principles (*Associated Teachers of Huntington, Inc. v. Board of Education,* 33 NY2d 229; *Lentini v. Fundaro,* 19 NY2d 382)." Petitioner contends that the arbitrator had no power to make an award after dismissing the arbitration proceeding for lack of jurisdiction. In this regard, she contends that the effect of the determination was that the proceeding was a nullity inasmuch as there was no jurisdiction of the person of the grievant. Petitioner further contends that she was not guilty of extended delay, and that the reinstatement without back pay should be reversed. The fallacy of this argument is that petitioner obviously does not consider the entire proceeding a nullity since she does not seek to set aside that part of the award which directed her reinstatement without loss of benefits which would otherwise inure to her benefit. Petitioner did, in fact, participate in the proceedings and, therefore, subjected herself to the jurisdiction of the arbitrator. She cannot adopt part of the award and, at the same time, claim the proceeding was a nullity. Insofar as delay is concerned, the petitioner obviously waived the provision of the contract which provided that the hearing must be held within 14 days, and may not be extended, by not raising any objection and by requesting an adjournment and actually participating in the hearing. Further, the petitioner could have avoided most of the delay by timely objection to the untimely service of the notice of discipline. Petitioner has not established that the arbitrator exceeded his powers under the collective bargaining

agreement, or that his determination was completely irrational. In fact, petitioner does not contend that the arbitrator did not have the power to determine whether petitioner should be reinstated with or without back pay. The basis of petitioner's contention was solely lack of jurisdiction of her person. Under the circumstances, the judgment of Special Term should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.