■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court at Special Term, entered November 27, 1979 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 75, to vacate the award of an arbitrator, except to the extent of modifying the award by directing back pay to peti-' tioner for the period of his suspension. On June 2, 1978, the petitioner, a grade 18 field tax auditor, was noticed for discipline in accordance with the collective bargaining agreement between petitioner CSEA, and respondent State of New York. It was alleged that petitioner, on three separate occasions within a four-day period, did not work a full seven and one-half hour day in order to attend to private matters, and falsified his time records to conceal his absences. The notice further charged that when questioned about his actions, petitioner claimed he had information about misconduct on the part of his coworkers. He refused to divulge the names of the coworkers or the nature of the misconduct. Upon his refusal, the penalty of dismissal was proposed. Upon service of the notice of discipline, petitioner was suspended without pay, and elected to grieve his suspension by arbitration, according to the collective bargaining agreement. In view of the limited scope of judicial review under CPLR 7511, the proof before the arbitrator more than justified the rationality of the award finding that petitioner was guilty of the misconduct alleged against him. Based upon the determination of misconduct, the arbitrator rejected petitioner's suspension as sought by the State, imposed a penalty of demotion to the position of tax technician, grade 14, and reinstated the petitioner without back pay. Special Term denied the petition to vacate the demotion, but modified the award to the extent of directing payment to petitioner of back pay for the period of suspension. We agree with Special Term that the demotion should not be vacated. We disagree, however, that in these circumstances the penalty of withholding back pay for the period of suspension was improper. The only grounds upon which an arbitration award may be vacated by a party who participated in the arbitration are set forth in CPLR 7511. If the moving party cannot establish one of the statutory grounds, the award must be confirmed *(Matter of Aaronson, Ltd. [Granite Worsted Mills]*, 25 NY2d 451, 454), and the burden of justifying vacatur is upon the petitioner *(Matter of Brill [Muller Bros.]*, 13 NY2d 776). Petitioner has failed to show any of the statutory grounds for vacatur or modification of the award as made by the arbitrator. The judgment of Special Term should be modified by reversing so much thereof as directed back pay to petitioner for the period of his suspension, and the award of the arbitrator should, in all other respects, be confirmed *(Matter of Civil Serv. Employees Assn. [Versaci]*, 67 AD2d 795). Judgment modified, on the law, by reversing so much thereof as directed back pay to petitioner for the period of his suspension and, as so modified, affirmed, without costs. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.