■ In the Matter of the Arbitration between GILBOA FACULTY ASSOCIATION, Respondent, and GILBOA-CONESVILLE CENTRAL SCHOOL DISTRICT, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Harlem, J.), entered January 9, 1984 in Schoharie County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Respondent school district contends on this appeal that the arbitrator exceeded his power since he passed upon issues not submitted, framed or argued by the parties. Although the parties could not agree on the exact wording of the issue to be submitted to the arbitrator, there is general agreement that the substance of the issue is whether the school district's conduct in reducing the individual grievant's full-time guidance counseling position to a four-fifth's position at four fifths the current salary for the 1982-1983 school year violated the provisions of sections A and D (1) of article V of the collective bargaining agreement. Section D (1) provides that "[a] guidance counselor shall be employed for eleven months and shall be paid 1.1 times the amount he/she would be paid as a teacher — using the teacher's salary schedule". The salary schedule is contained in section A of article V. The arbitrator ruled that the grievance should be sustained and that the individual grievant should "be made whole for losses suffered by him in the 1982-83 year". After noting the issue as framed by each party and the evidence and arguments presented by the parties, the arbitrator arrived at his factual and legal conclusions under the heading "Discussion and Award", which included an examination of certain questions framed by the arbitrator. It is the reference to these questions

which serves as the basis for the school district's argument that the arbitrator exceeded his powers by going beyond the issue submitted to him.

The school district's argument must be rejected. A reading of the arbitrator's decision in its entirety reveals that the questions framed and resolved by the arbitrator were not outside the scope of the issue submitted by the parties. Rather, the arbitrator employed the device of framing and resolving the questions as part of his analysis which led him to conclude that the grievance should be sustained, a determination in favor of the grievant of the issue submitted. The path of analysis, proof and persuasion by which an arbitrator reaches such a conclusion is beyond judicial scrutiny (*Central Sq. Teachers Assn. v Board of Educ.*, 52 NY2d 918). Even if this court were to find that the arbitrator misconstrued the agreement, disregarded its plain meaning or misapplied substantive rules of law, the award could not be vacated unless it violated strong public policy, was totally irrational or exceeded a specifically enumerated limitation of the arbitrator's power (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). We find no such infirmity here and, therefore, the judgment confirming the award must be upheld.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.