In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC, et al., Respondents, and STATE OF NEW YORK et al., Appellants.—Main, J.

Petitioner Peter Silva, an employee of the State University of New York at Stony Brook, was notified on November 1, 1983 that he was being temporarily reassigned to other duties pending disciplinary charges and that he could elect to refuse the temporary assignment and be suspended without pay. He began the temporary assignment; however, upon receiving the

notice of discipline one week later, he took a temporary leave of absence without pay and filed a grievance challenging the notice. Upon submission of the grievance to arbitration, on August 27, 1984, the arbitrator found Silva guilty of the charges set forth in the notice of discipline. However, she also found that the penalty proposed—dismissal—was too severe, and Silva instead would be suspended for six months, such period measured from the commencement of Silva's leave of absence. Silva's suspension therefore ended on May 7, 1984; however, he did not return to work until October 5, 1984.

Petitioners thereafter made this application to confirm the arbitrator's award pursuant to CPLR 7510. As part of the application, petitioners sought retroactive pay and benefits for the period from May 7, 1984 to October 4, 1984. Respondents opposed confirmation only with respect to this retroactive award. Special Term found the retroactive award to be appropriate under the arbitrator's decision and accordingly confirmed the award and awarded retroactive pay and benefits. This appeal ensued.

Generally, a court will not review an arbitrator's award on the law or facts, and the award must be confirmed unless the challenging party establishes one of the grounds for modification or vacatur set forth in CPLR 7511 (see, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7510.06). In this case, however, respondents are not seeking to modify or vacate the decision. Instead, they contend that the arbitrator did not in fact award retroactive pay and benefits, and Special Term therefore exceeded its authority by making such an award. We find this point to be well taken. The arbitrator's decision reveals that the arbitrator was aware of the length of Silva's leave without pay—at the time of the decision, nine months—but she nevertheless suspended Silva for only a period of six months, measured from the beginning of his leave, and made no mention of retroactive pay and benefits.

Contrary to petitioners' assertions, we do not find an award of retroactive pay and benefits to be implicit in the arbitrator's decision. The mere fact that an arbitration award is silent on an issue does not enable a court to permit additional relief with respect to that issue (see, Matter of Penco Fabrics [Louis Bogopulsky, Inc.], 1 AD2d 659). Furthermore, just as a court is powerless to modify an arbitrator's decision so as to reduce an award without a statutory ground for such modification, so too a court may not modify a decision so as to increase an award in the absence of a statutory ground (cf. Matter of Civil Serv. Employees Assn. v State of New York, 80 AD2d 970,

*affd* 56 NY2d 663). Accordingly, we find that Special Term erred in awarding retroactive pay and benefits, since the arbitrator's award made no such provision.

Order modified, on the law, without costs, by reversing so much thereof as directed retroactive pay and benefits to petitioner Peter Silva for the period between his suspension and reinstatement, and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.