In the Matter of MARFRAK REALTY CORP. et al., Respondents, v SAMFRED REALTY CORPORATION et al., Appellants.

The petitioners Marfrak Realty Corp. and Norstar Bank, N.A. moved to confirm an arbitration award which directed the appellant landlords to agree to a lease. They further sought to compel the appellants "to execute, acknowledge and deliver to the petitioner[s] all applications and consents which are necessary for the subdivision application and any other zoning applications to be made by the petitioner[s]" who intended to subdivide the property to construct a second building thereon. The appellants Samfred Realty Corporation and Samfred Realty Co., in their answer, demanded that the award be confirmed "on the precise terms and conditions thereof, and dismissing the petitioner[s'] request for a broadening of said award which would direct the landlord to execute an application for subdivision of the property to which the landlord remains opposed". The Supreme Court, Nassau County, granted the petitioners' application and directed the appellants to execute those documents necessary to effectuate

the purposes of the award, including applications for subdivision of the property.

The appellants argue that the court modified the award without the requisite statutory authority *(see,* CPLR 7511 [c]). We disagree. We find that the arbitration award was unambiguous and disposed of the submitted dispute. In requiring the appellants to agree to the lease, the award, by necessity, obligated them to consent to subdivision of the property. The arbitrator was under no obligation to specifically mention the particular issues or to explain the decision *(see, Matter of Guetta [Raxon Fabrics Corp.],* 123 AD2d 40; *Matter of Sussco Exterior Sys. v Hercules Constr. Corp.,* 120 AD2d 532, *lv denied* 68 NY2d 610). Absent a showing that the award is so ambiguous as to make it impossible to determine its " 'meaning and intent' " *(Board of Educ. v Farmingdale Fedn. of Teachers,* 92 AD2d 599, 601), an award may be confirmed and need not be remitted to the arbitrator for clarification *(see,* CPLR 7510; *Matter of Sussco Exterior Sys. v Hercules Constr. Corp., supra,* at 533). The court properly directed the appellants to execute the documents necessary for the subdivision, as a court may implement an award by suitable provision in the judgment *(see, Matter of Bradigan [Bishop Homes],* 20 AD2d 966). Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.