■ In the Matter of the Arbitration between DONA L. VERMILYA, as President of the Broom-Delaware-Tioga BOCES Teachers Association, Respondent, and LESLIE DISTIN, as Superintendent of the BOCES Sole Supervisory District of Broome, Delaware and Tioga Counties, Appellant.—Weiss, J. Appeal from an order and judgment of the Supreme Court (Fischer, J.), entered February 8, 1989 in Broome County, which, *inter alia,* partially granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and vacated and remanded a portion of the award.

Petitioner, on behalf of Amy Yacalis (hereinafter the grievant), sought arbitration relevant to the abolishment of the grievant's position as a teaching assistant. Petitioner prevailed in the arbitration in which the award directed that the grievant be "restored to full time employment [in her former position] and made whole for any back pay lost without interest and less any earnings from outside employment". The grievant was restored to her position, but neither she nor petitioner furnished evidence of her outside earnings during the relevant times to respondent and, as a result, back wages have not been paid.

This proceeding was commenced seeking confirmation of the award and an order compelling compliance by respondent, who opposed the application and sought, alternatively, an order directing petitioner to comply with the award by providing the necessary information. Supreme Court found an ambiguity in the arbitrator's decision which reads, in relevant part, as follows: "The Grievant is to be restored to her former position with full back pay less any outside earnings. We do not find sufficient grounds to warrant the payment of interest and/or any offset based upon the extended prior nature of her outside employment." Supreme Court found that the arbitrator did not intend the award to be reduced by earnings from other employment in which the grievant had been engaged prior to her termination, but that such intention was not made clear in the award. The court further found that the award should specify the amount of money due the grievant, and then remanded the matter to the arbitrator for clarifica-

tion. Respondent contends that the award was clear and unambiguous and that the court erred in attempting to analyze the discussion and opinion portion of the decision. We agree.

Initially, we observe that the petition seeks confirmation of the award and alleges that the award "is in all respects proper, rational and within the scope of the power of the arbitrator, and should therefore be confirmed". Respondent's answer essentially admits the allegations of the petition and avers compliance except for computation of the money due. Respondent further alleges that petitioner and the grievant failed to comply with an inherently implied term of the award. The arbitrator had rejected petitioner's request for clarification of the award and considered his role to be *functus officio*. However, neither the petition nor respondent's answer alleges any ambiguity in the award, nor is clarification or modification sought.

Generally, a court will not review an arbitrator's award based on the law and facts, and an award must be confirmed unless a challenging party establishes one of the grounds for modification or vacatur set forth in CPLR 7511 *(Matter of Civil Serv. Employees Assn. [State of New York]*, 124 AD2d 435). The path of analysis, proof and persuasion by which an arbitrator reaches a conclusion is beyond judicial scrutiny *(Matter of Gilboa Faculty Assn. [Gilboa-Conesville Cent. School Dist.]*, 105 AD2d 478, *lv denied* 64 NY2d 603).

The only grounds upon which an arbitration award may be vacated or modified are set forth in CPLR 7511. Such grounds have not been alleged, nor has such relief been sought in the pleadings *(see, Matter of Civil Serv. Employees Assn. v State of New York*, 80 AD2d 970, *affd on mem below* 56 NY2d 663; *see also, State Farm Mut. Auto. Ins. Co. v Fireman's Fund Ins. Co.*, 121 AD2d 529). The ambiguity found here lies within a poorly drafted sentence and should not be grounds for a modification since the award itself is otherwise clear, unambiguous, final and definite. The award is consistent with one interpretation of the troublesome sentence, i.e., that earnings received by the grievant following her termination by respondent should be deducted from the amount of her back pay. The remaining issue based upon lack of a specific dollar figure is not valid where, as here, computation of the amount due is but a ministerial act *(see, Morgan Guar. Trust Co. v Solow*, 68 NY2d 779, *affg* 114 AD2d 818; *Matter of States Mar. Lines [Crooks]*, 13 NY2d 206, *affg* 19 AD2d 1).

Order and judgment modified, on the law, without costs, by

reversing so much thereof as partially denied petitioner's application; application granted in its entirety and arbitration award confirmed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.