■ In the Matter of DORA TUMMINELLO, Appellant-Respondent, v OAK HOLLOW ASSOCIATES et al., Respondents-Appellants.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Owen, J.), dated April 18, 1988, as denied her petition and confirmed the award, and Oak Hollow Associates and James P. Holland appeal from an order of the same court, dated December 9, 1988, which denied their motion, in effect, to vacate an amended judgment dated June 16, 1988.

Ordered that the order is reversed, on the law, without costs or disbursements, and the amended judgment dated June 16, 1988, is vacated; and it is further,

Ordered that the order and judgment is affirmed, without costs or disbursements.

The arbitration award was properly confirmed *(see, Lentine v Fundaro,* 29 NY2d 382; *see also, Matter of Marfrak Realty Corp. v Samfred Realty Corp.,* 140 AD2d 524, 525). All of the submissions made by the petitioner in the arbitration are covered in the award, and there is no lack of finality or definiteness *(cf., Matter of PPX Enters. [Scepter Records],* 51 AD2d 321).

The respondents-appellants' motion to resettle was in effect a motion to vacate the amended judgment. As such, the order denying that motion is appealable *(cf., Blume v Blume,* 124 AD2d 771; *Brennan v Breezy Point Coop.,* 124 AD2d 772). The court, in its amended judgment, misinterpreted the arbitrators' award, and, therefore, the amended judgment should have been vacated. Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.