■ In the Matter of the Arbitration between INTERNATIONAL SERVICE AGENCIES-STATE AND LOCAL, Respondent, and STATE EMPLOYEES FEDERATED APPEAL COMMITTEE FOR THE ALBANY AREA, Appellant.—Mercure, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered April 4, 1990 in Albany County, which, *inter alia,* granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from the judgment entered thereon.

Respondent enables State employees to contribute to various

charities in one annual campaign through payroll deduction. Although participating State employees may specify the charity of their choice, they may also contribute to respondent without designating a particular charity. Undesignated contributions are distributed to various participating charities in accordance with a formula adopted annually by respondent's committee (see, 9 NYCRR 335.11 [b] [1]). Petitioner, comprised of 20 American charitable organizations, is a participant in respondent for the Albany area. Regulations governing the conduct of the annual campaign require that respondent have a contract with each participating charitable organization and, further, that each contract contain a standard arbitration clause (see, 9 NYCRR 335.9 [a], [d] [7]).

Unable to reach an agreement with respondent regarding its share of undesignated funds for the 1986-1987 and 1987-1988 campaigns, petitioner filed a demand for arbitration dated August 19, 1988. By decision dated April 10, 1989, the arbitrator determined that petitioner was entitled to all donations specifically designated for it, "together with sufficient additional undesignated contributions to constitute a total of five percent (5%) of the local gross proceeds". Petitioner filed a petition to confirm the arbitration award. Respondent opposed confirmation, contending, inter alia, that the award was unclear with respect to the years to which it was meant to apply and, thus, was not "a final and definite award upon the subject matter submitted". Supreme Court held that the award applied to the years of 1986-1987 and 1987-1988, as well as the three following campaigns, and confirmed the award. Respondent now appeals.

We affirm. We recognize, at the outset, the clear judicial policy of noninterference with arbitration awards (see, Matter of Trudeau [South Colonie Cent. School Dist.], 135 AD2d 150, 156-157, affd 73 NY2d 736), which should be confirmed and need not be remitted to the arbitrator for clarification unless it is demonstrated that the award is so ambiguous as to make it impossible to determine its meaning and intent (Matter of Marfrak Realty Corp. v Samfred Realty Corp., 140 AD2d 524, 525, lv denied 74 NY2d 614). Viewed with this principle in mind, it is clear to us that the arbitration award applies to the 1986-1987 and 1987-1988 campaigns (see, supra) and, by law, to the three succeeding campaigns (see, 9 NYCRR 335.14 [c]). Indeed, the demand for arbitration sought "[petitioner's] fair share of undesignated funds received by [respondent] in the 1986-87 and 1987-88 campaigns".

In so deciding, we reject, as did Supreme Court, respon-

dent's argument that the regulations limit any arbitration award to only the three years following the arbitration award. 9 NYCRR 335.14 (c) provides in pertinent part that "[a] decision made pursuant to arbitration * * * shall be effective for each of the three annual solicitation campaigns following said decision". Respondent's interpretation of the regulations would render meaningless the requirement of 9 NYCRR 335.9 (c) (2) that disputed moneys be safeguarded in an interest-bearing account pending the resolution of the dispute. Further, we agree with petitioner that the arbitration proceeding must always, by definition, be held after respondent has made its allocation decision. If funds are distributed before the proceeding is completed and have not been reserved, the award can, as respondent recognizes, be paid out of the undesignated funds of future campaigns.

We also reject respondent's argument that Supreme Court should not have applied the award to the 1988-1989 campaign. Respondent contends that because the arbitration decision was issued in April 1989, the award should apply to the three campaigns *following the award* and, thus, not to the 1988-1989 campaign. Respondent's argument, requiring another arbitration proceeding for that one campaign, is contrary to the purpose of the regulations, arbitrational economy and common sense. Moreover, a separate arbitration proceeding with respect to the 1988-1989 campaign could lead to conflicting awards by reason of the operation of 9 NYCRR 335.14 (c). For these reasons, we agree with Supreme Court's interpretation that the award applies to the three campaigns immediately *following the last one. which was the subject of arbitration.*

Order and judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.