■ In the Matter of MARFRAK CORP., Respondent, v FRED GARDNER, Doing Business as SAMFRED REALTY CORP., Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award in which the appellant cross-moved to vacate the award pursuant to CPLR 7511, the appeal is (1) from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered November 8, 1989, which denies the cross motion, confirms the arbitrator's award, and is in favor of the petitioner and against him in the principal sum of $1,026,475, and (2), as limited by the appellant's brief, from so much of an order of the same court, dated March 12, 1990, as upon reargument, adhered to the original determination.

Ordered that the appeal from the order and judgment is dismissed, as the order and judgment has been superseded by the order, made upon reargument; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the petitioner is awarded one bill of costs,

The appellant is the owner of certain property which is subject to a lease dated October 11, 1972. The petitioner is the assignee of the lease.

On December 27, 1985, an arbitrator made an award which directed the appellant to consent to the assignment of the lease to the petitioner. This award was based on the appellant's contractual obligation not to "unreasonably" withhold such consent.

By order and judgment, entered June 30, 1987, the Supreme Court, Nassau County (McCabe, J.), directed the appellant to "execute, acknowledge and deliver any and all documents necessary or appropriate to effectuate the purposes of the Arbitration award" dated December 27, 1985. This directive was contained in the court's final judgment which, *inter alia,* confirmed that arbitration award. Although the petitioner took an appeal *(see, Matter of Marfrak Realty Corp. v Samfred Realty Corp.,* 140 AD2d 524) the order and judgment was never stayed, and was affirmed by this court.

On November 16, 1988, the petitioner again demanded arbitration, this time claiming entitlement to compensation for the damages incurred as a result of the appellant's refusal

to consent to the assignment. The arbitrator concluded, after a hearing, that the petitioner had been unsuccessfully seeking the appellant's consent to a subdivision of the subject property since 1982, and that the assignment of the lease to the petitioner had no value in the absence of a subdivision. The arbitrator also concluded that subsequent to 1982, the Zoning Board of Appeals of the Town of Huntington changed its policy with respect to the granting of certain variances and this policy change diminished the value of the leasehold. Based upon those findings the arbitrator awarded $1,026,000 in favor of the petitioner and against the appellant.

We agree with the Supreme Court that the appellant failed to demonstrate the existence of any basis for modification or vacatur of the arbitrator's award (CPLR 7511; *see generally, Matter of Albany County Sheriff's Local 775 [County of Albany]*, 63 NY2d 654; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578). The arbitrator's conclusion that the contractual assignment of the lease to the petitioner subjected the appellant to a duty to consent to the proposed subdivision is not irrational. This aspect of the award is, in fact, in full accord with the earlier arbitration award which, as defined by this court, "by necessity * * * obligated [the appellant] to consent to the subdivision of the property" *(Matter of Marfrak Realty Corp. v Samfred Realty Corp.*, 140 AD2d 524, 525, *supra).*

The appellant argues that although the original lessee of the property assigned its interest to the petitioner on January 18, 1985, that assignment never took effect because it was "[s]ubject to" the execution of a sublease which had not in fact been executed. The appellant argues that since the assignment never took effect, the petitioner never became a party to the lease and thus never became party to the agreement to arbitrate contained therein. The appellant failed to raise this issue in a motion to stay arbitration, notwithstanding its ability to do so *(see, Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264), and thereafter participated in the arbitration. Therefore, this argument has been forfeited *(see, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377; *Simon-Equity Jefferson Val. Partnership v AJC Contr.*, 124 AD2d 579).

The appellant, in his cross motion to vacate the arbitrator's award, also argued that the amount awarded should be limited in accordance with article XXIII of the lease. That provision states, *inter alia,* that "Lessee shall look solely to the estate and property of [the] lessor in the land and building

of which such demised premises are part, for the * * * collection of a judgment * * * requiring payment of money by Lessor". In opposing this branch of the cross motion, the petitioner observed that there was no evidence as to whether the arbitrator's award could be fully satisfied from the appellant's interest in the subject property. The petitioner argued, *inter alia,* that this branch of the cross motion was not "ripe" for judicial review.

In its decision, the Supreme Court stated that article XXIII of the lease should not be applied in this case so as to shield the appellant's personal assets from the consequences of his "intentional misconduct" *(see, Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377, 384-385). On appeal, the appellant now concurs with the argument originally made by the petitioner and asserts that the question of the validity of article XXIII is not properly before this court, and states that the Supreme Court's assessment on that issue was "premature and advisory".

Under these circumstances, we need not pass on the question whether article XXIII of the lease should be applied so as to limit the options available to the petitioner in its efforts to enforce the judgment appealed from. The terms of article XXIII do not purport to place a limitation on the potential liability of the appellant, but instead purport to limit the property upon which execution may be had when the satisfaction of a judgment reflecting such liability is sought. The validity or invalidity of this provision of the lease would thus have had no effect upon the validity of the arbitrator's award or upon the validity of the judgment based upon the award.

We therefore agree with the position taken by the appellant on appeal, as well as with the position taken by the petitioner in the Supreme Court, that the issue concerning the validity of article XXIII of the lease was not ripe for judicial review. This issue may be decided *de novo* in the context of a proceeding brought pursuant to CPLR article 52, and we are advised that such a proceeding has, in fact, been commenced.

We have examined the appellant's remaining contentions, and find them to be without merit. Bracken, J. P., Harwood, Eiber and Balletta, JJ., concur.