■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v ALEXANDER BETANCOURT et al., Respondents.—In a proceeding to stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated October 23, 1990, which denied the application.

Ordered that the order is affirmed, with costs.

By participating in the arbitration proceedings instead of moving to temporarily stay the proceedings, the petitioner waived its right to move for a permanent stay of arbitration (see, Matter of McNulty [Locals 40, 361, & 417 Union Sec. Funds of Intl. Assn. of Bridge, Structural Ornamental Ironworkers], 176 AD2d 881; Matter of Marfrak Corp. v Gardner, 176 AD2d 323, 324; see also, Sherrill v Grayco Bldrs., 64 NY2d 261, 273; Matter of Beagle [MVAIC], 19 NY2d 834).

We have examined the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ In the Matter of TARITA JONES, Appellant, v TROY ROPER, Respondent.—In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Lauria, J.), dated June 28, 1990, which dismissed the petition without prejudice.

Ordered that the order is affirmed, without costs or disbursements.

We reject the petitioner's contention that the Family Court erred in summarily dismissing her petition. To the extent that the factual allegations set forth in the petition fell within the ambit of the Family Court's jurisdiction under Family Court Act § 812 (1), they were insufficient to allege the offense of harassment (see, Di Donna v Di Donna, 72 Misc 2d 231; Matter of Anderson v Anderson, 25 AD2d 512; People v Malausky, 127 Misc 2d 84; Family Ct Act § 821). Accordingly, the court properly dismissed the petition. Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.