■ In the Matter of the Arbitration between ALBAR CONSTRUCTION CORPORATION et al., Respondents, and MARK D'ANGELO et al., Appellants. [609 NYS2d 363] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered April 16, 1992 in Dutchess County,

which, *inter alia,* granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.

The parties to this CPLR article 75 proceeding executed a written contract whereby petitioner Albar Construction Corporation agreed to act as the general contractor in the construction of a two-story commercial building for respondents, the owners. The contract contained an arbitration clause pursuant to which Albar filed a demand for arbitration against respondents, seeking $73,649 under the contract and $6,328 for separate work. Respondents counterclaimed for $100,000 in damages. During the course of arbitration hearings Albar expanded its claim to include $49,721 in damages for delays and respondents revised the amount of their counterclaim to $261,680. The arbitrator awarded Albar $53,500 on its claim and denied the counterclaim. Albar moved to confirm the award and respondents cross-moved to vacate the award. Supreme Court confirmed the award, resulting in this appeal by respondents.

Respondents claim that the award is not final and definitive because it did not resolve all of the issues. The claim is meritless. The lump-sum award of a specific dollar amount to Albar "in full settlement of all claims and counterclaims" and the denial of the counterclaim "in its entirety" clearly resolved all of the issues *(see, Matter of Reddick & Sons v Carthage Cent. School Dist. No. 1,* 91 AD2d 1182). The arbitrator was not obligated to specifically mention the particular issues or to explain the decision *(see, Matter of Marfrak Realty Corp. v Samfred Realty Corp.,* 140 AD2d 524, 525, *lv denied* 74 NY2d 614).

Respondents also contend that the award adjudicated a dispute with an entity that did not consent to arbitration. According to respondents, Albar's claim for $6,328 for separate work was for work done outside the parties' contract at the request of one of respondents on behalf of a business entity which did not agree to arbitration. The award, however, does not require any payment by the business entity; only the two respondents are responsible for paying the award. To the extent that respondents' contention raises a question of whether the arbitrator was authorized to make an award against respondents for the separate work, we note that respondents participated in the arbitration without seeking a stay as required by Albar's demand *(see,* CPLR 7503 [c]). In any event, assuming that the arbitrator was not authorized to include in the award an amount for the separate work, the mere possibility that the award includes improper damages is

not a sufficient basis to disturb the award *(see, Matter of Tilbury Fabrics v Stillwater, Inc.,* 56 NY2d 624, 627). Respondents failed to establish any of the statutory grounds for vacating the award and, therefore, Supreme Court correctly confirmed the award.

Cardona, P. J., Mikoll, Crew III and Weiss, JJ., concur. Ordered that the judgment is affirmed, with costs.