■ In the Matter of the Arbitration between RICHARD L. THOMPSON, Respondent, and S.L.T. READY-MIX, DIVISION OF TORRINGTON INDUSTRIES, INC., Appellant. [627 NYS2d 802] —Spain, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 27, 1994 in St. Lawrence County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

In January 1990 respondent entered into a collective bargaining agreement with petitioner's union, Teamsters Local No. 687. The agreement states, *inter alia*, that: "If any grievance or dispute [over the application and interpretation of the terms of the Agreement] cannot be satisfactorily settled by the parties, the grievance shall be submitted by either party to the New York State Board of Mediation for a final and binding decision."

On December 23, 1991 petitioner was laid off during a winter slowdown. In February 1992 a worker with lower seniority rights was called back to work and petitioner complained to his union representatives. In May 1992 a second worker with lower seniority rights was called back to work. Petitioner thereafter filed a grievance with his union and served respondent with a notice of intention to arbitrate pursuant to CPLR 7503 (c); respondent did not move to stay the arbitration.

After a hearing on July 30, 1992 the arbitrator, by award dated August 10, 1992, determined that respondent violated the seniority provisions of the collective bargaining agreement (article 5) and held that "[t]he grievant should be made whole from the time junior man recalled. And restored to his position on the Seniority List."

Petitioner thereafter commenced this proceeding pursuant to CPLR 7510 to confirm the arbitrator's award. Respondent opposed and cross-moved to, *inter alia*, vacate the arbitrator's award. Supreme Court denied respondent's cross motion and granted the petition confirming the arbitrator's award. Respondent appeals.

Respondent contends that the award should be vacated since the arbitrator had neither the discretion nor the authority to

render a decision on this matter. We disagree. A party otherwise entitled to a judicial determination of the arbitrability of a dispute may waive that right by actively participating in the arbitration without seeking a stay pursuant to CPLR 7503 (b) or otherwise preserving his or her right to have the issue of arbitrability judicially determined (*see*, CPLR 7511 [b] [2]; *Matter of Smullyan [SIBJET S.A.]*, 201 AD2d 335; *see also, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 382-383). Furthermore, CPLR 7503 (c) provides that a party who intends to arbitrate may serve a notice to that effect upon his or her adversary; if the adversary does not then move to stay the arbitration, he or she will then be precluded from thereafter objecting to the arbitrability of the issues raised.

In the instant case the record is devoid of any objection or preservation of rights on behalf of respondent regarding the arbitrability of this matter. We conclude that respondent's failure to seek a stay of arbitration (*see*, CPLR 7503 [b]) and its active participation in the arbitration hearing, without objection, constituted a waiver (*see, Mid-Atlantic Constr. Corp. v Guido*, 30 AD2d 232, 237).

Respondent's contention that the arbitrator exceeded his authority is without merit. Supreme Court properly found that the arbitrator had the discretion to determine the dispute and to find that the collective bargaining agreement had been violated. Article 3, section 3.4 of the agreement states in pertinent part that: "A new employee may be discharged or disciplined in the sole discretion of the Employer and without recourse to the grievance and arbitration procedures up to the time he has been placed on the seniority list." Implicitly, once an employee's name is placed on the seniority list, he or she may submit matters of discharge to arbitration.

Respondent further argues that the arbitrator's award should have been vacated because the award was not final and definite, or at least the issue of damages should be set down for an inquest to allow an opportunity for the arbitrator to determine a final and definite amount of petitioner's damages.

An award "should be confirmed and need not be remitted to the arbitrator for clarification unless it is demonstrated that the award is so ambiguous as to make it impossible to determine its meaning and intent" (*Matter of International Serv. Agencies-State & Local [State Empls. Federated Appeal Comm.]*, 170 AD2d 736, 737; *see, Matter of Marfrak Realty Corp. v Samfred Realty Corp.*, 140 AD2d 524, 525, *lv denied* 74 NY2d 614). We conclude that Supreme Court's ruling sustaining the grievance and directing respondent to rehire petitioner and

compensate him for damages suffered was correct; the award was final and properly confirmed. However, upon review of the arbitrator's award we find that it is not specific and, for enforcement purposes, warrants more than ministerial acts or arithmetic calculations to arrive at the amount of damages due petitioner (*see, Morgan Guar. Trust Co. v Solow*, 68 NY2d 779, *affg* 114 AD2d 818, *lv denied* 71 NY2d 888). Accordingly, a rehearing before the arbitrator solely to determine the amount of damages is warranted.

Finally, a review of the collective bargaining agreement in the record reveals that the parties did not agree or stipulate to an award of counsel fees. Counsel fees are not generally recoverable in the absence of a contract or statute so authorizing (*see, Rahabi v Morrison*, 81 AD2d 434, 437; Siegel, NY Prac § 414-414A, at 628-635 [2d ed]). We therefore conclude that petitioner is not entitled to counsel fees and that any award of costs by Supreme Court did not include counsel fees.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by remitting the matter to Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.