■ In the Matter of the Arbitration between ROBERT B. PROPER, Respondent, and STERLING INSURANCE COMPANY, Appellant. [633 NYS2d 641] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered December 21, 1994 in Albany County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

On January 21, 1991, petitioner, a longstanding employee of respondent, entered into an employment agreement with respondent that was to continue until May 5, 1995. The agreement provided for a yearly salary and stated that petitioner would be entitled to participate in and be entitled to all employee benefits including the "Supplemental Defined Benefit Plan Agreement" (hereinafter Supplemental Pension Plan). Thereafter, by letter dated October 18, 1993, respondent purported to rescind both the employment agreement and petitioner's Supplemental Pension Plan. Alleging wrongful termination, petitioner demanded arbitration in accordance with the parties' agreement seeking "[r]einstatement of the Agreement, salary and benefits other than ERISA Pension Benefits". Respondent cross-demanded rescission of the agreement but the arbitrator ultimately issued an award in petitioner's favor. Petitioner commenced this proceeding requesting Supreme Court to confirm the award and direct respondent to pay his salary and benefits in accordance with the

agreement. Supreme Court granted this relief and respondent now appeals.

Respondent asserts that the arbitrator did not award petitioner any rights to the Supplemental Pension Plan and Supreme Court exceeded its authority (*see, Matter of Civil Serv. Empls. Assn. [State of New York]*, 124 AD2d 435) by directing respondent to provide petitioner with continued participation and accrual of this benefit. We disagree. Contrary to respondent's arguments, the record supports petitioner's contention that the Supplemental Pension Plan mentioned in the parties' agreement was a non-ERISA benefit of his employment that was before the arbitrator. Respondent had the opportunity to contest petitioner's right to Supplemental Pension Plan benefits in the arbitration proceeding and, significantly, did not seek to stay arbitration with respect to this benefit (*see, Matter of Thompson [S.L.T. Ready-Mix]*, 216 AD2d 656, 657).

We reject respondent's remaining claims as further attempts to relitigate issues finally determined in arbitration. Since respondent has not alleged or established by competent proof any ground for modification or vacatur of the award, we hold Supreme Court's confirmation of that award to be proper and within its authority.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.