■ In the Matter of the Arbitration between CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-
CIO, on Behalf of KATHERINE HINTON, Appellant, and STATE OF
NEW YORK et al., Respondents. [636 NYS2d 234] —Casey, J. Ap-
peal from that part of an order of the Supreme Court (Harris,
J.), entered July 13, 1994 in Albany County, which after grant-
ing petitioner's application pursuant to CPLR 7510 to confirm
an arbitration award, remanded to the appropriate govern-
ment agency the issue of what constitutes full back pay.

Pursuant to the grievance procedure established in a collec-
tive bargaining agreement between petitioner and respondents,
an arbitrator was asked to decide whether respondents had
violated the agreement when one of petitioner's members was
laid off from her position as a medical laboratory technician at
Buffalo Psychiatric Center in Erie County and, if so, what the
remedy should be. After a hearing, the arbitrator found that
the collective bargaining agreement had been violated and
that the proper remedy was for respondents to offer the em-
ployee reinstatement "with full back pay and benefits, retroac-
tive to February 22, 1991". When respondents indicated their
intention to deduct from the award of back pay earnings and

unemployment benefits received by the employee after she was laid off, petitioner commenced this proceeding to confirm the arbitrator's award. Respondents' only opposition to the petition was a claim that they were entitled to reduce the amount of the award because the employee had mitigated her damages. Supreme Court confirmed the award, but ordered that "the issue of what constitutes 'full back pay' * * * is remanded to the appropriate government agency and to the Comptroller".

On this appeal by petitioner, respondents contend that petitioner is not aggrieved by Supreme Court's order. We disagree. Although the order granted the relief requested in the petition, i.e., that the arbitration award be confirmed, the petition did not request that any issue be remanded to a government agency. Respondents clearly intend to calculate the amount of "full back pay" by using as a setoff any unemployment benefits or other earnings received by the employee, and Supreme Court's order permits them to do so. Petitioner, who insists that the phrase "full back pay" does not authorize any setoff, is therefore aggrieved by the order even though the final calculation of back pay has not been done.

Supreme Court erred in remanding the issue of what constitutes "full back pay" to a government agency. The question of whether the employee should be awarded back pay, and if so how much, was clearly encompassed by the remedy issue submitted to the arbitrator. Inasmuch as any deduction or set-off for earnings or benefits received by the employee would necessarily reduce the amount of back pay,* the question of whether to permit such a deduction or offset is not a separate and distinct issue outside the scope of the remedy issue submitted to the arbitrator. In fashioning the remedy as requested by the parties, the arbitrator used the phrase "full back pay". Had the arbitrator used that phrase with the intent that the meaning of "full back pay" be determined at a later date in another forum, the arbitrator would have so imperfectly executed her authority to fashion a remedy that a final and definite award was not made, which would require that the award be vacated (see, CPLR 7511 [b] [1] [iii]). An award that leaves the parties unable to determine their rights or does not resolve the controversy or creates a new controversy is indefinite or nonfinal for purposes of CPLR 7511 (*Matter of Meisels v Uhr,*

---

* In contrast, the State and Federal tax withholdings referred to by respondents would not reduce the amount of back pay because they represent tax liabilities incurred by the employee as a result of her receipt of wages in the form of the back pay.

79 NY2d 526, 536). Accordingly, if Supreme Court correctly concluded that the arbitrator's award created a new controversy over the meaning of the phrase "full back pay", the appropriate remedy was to vacate the award as nonfinal or indefinite, not to remand the issue to a different forum.

We conclude that the award in this case is not so ambiguous as to warrant judicial interference (*see, Matter of International Serv. Agencies-State & Local [State Empls. Federated Appeal Comm.]*, 170 AD2d 736, 737). Rather than creating an ambiguity as respondent contends, the absence of any reference to deduction, setoff or mitigation in the arbitrator's decision establishes that the award is consistent with only one interpretation of the phrase "full back pay", i.e., that earnings and unemployment benefits received by the employee following the termination of her employment by respondents should not be deducted from her back pay (*cf., Matter of Vermilya [Distin]*, 157 AD2d 1030, 1031, *lv denied* 75 NY2d 710). All that needs to be done are ministerial acts or arithmetic calculations and, therefore, the absence of a dollar figure does not affect the finality of the award (*see, Morgan Guar. Trust Co. v Solow*, 114 AD2d 818, *affd* 68 NY2d 779). Supreme Court's order should be modified to delete the remand provision.

We note that respondents do not claim that the arbitrator lacked the authority to award "full back pay" with no setoff for earnings or benefits received by the employee or that such an award is irrational or violative of public policy. We also note that Civil Service Law § 77 expressly applies only to court-ordered reinstatements. Nor will an award of "full back pay" with no setoff for unemployment insurance benefits necessarily result in a double recovery, for the Commissioner of Labor is authorized to commence an action to recover the benefits when there has been a retroactive payment of remuneration (*see,* Labor Law § 597 [3], [4]). It is also noteworthy that the collective bargaining agreement expressly precludes any setoff in the case of an award of back pay in a disciplinary arbitration. Based upon the absence of any provision in the agreement regarding a setoff in the case of an award of back pay in other contractual arbitration, the parties clearly intended that the arbitrator would determine what setoff, if any, would be appropriate in determining the remedy. Here, the arbitrator made an award of "full back pay" and made no provision for any setoff for earnings or benefits received by the employee. Any attempt to rewrite the award to include such a provision

on the theory that it was implicit in the award despite the arbitrator's silence on the issue must be rejected (*see, Matter of Civil Serv. Empls. Assn. [State of New York]*, 124 AD2d 435). In the absence of one of the grounds for modification or vacatur specified in CPLR 7511, the award must be confirmed (*see, Matter of Vermilya [Distin], supra*, at 1031).

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to petitioner, by deleting therefrom the third decretal paragraph, and, as so modified, affirmed.