█ In the Matter of the Arbitration between INFOSAFE SYSTEMS, INC., Appellant, and INTERNATIONAL DEVELOPMENT PARTNERS, LTD., Respondent. [643 NYS2d 585]

A party seeking to set aside an arbitration award for alleged bias of an arbitrator must establish his claim by " ' "clear and

convincing proof" ' " (*Matter of Disston Co. [Aktiebolag]*, 176 AD2d 679, *lv denied* 79 NY2d 757). "And the mere inference of partiality * * * is not sufficient to warrant interference with the arbitrator's award" (*Rose v Lowery & Co.*, 181 AD2d 418, 419). Petitioner has shown only that one of the three arbitrators actively questioned witnesses during the proceeding in a manner displaying skepticism of petitioner's position in the underlying contractual dispute. That does not satisfy petitioner's heavy burden of demonstrating bias.

Also without merit is petitioner's argument that the arbitration award should be set aside because it is unable to comprehend how the arbitrators reached the particular dollar amount of the award. "The path of analysis, proof and persuasion by which an arbitrator reaches a conclusion is beyond judicial scrutiny" (*Matter of Vermilya [Distin]*, 157 AD2d 1030, 1031, *lv denied* 75 NY2d 710). Moreover, the arbitrator "may do justice * * * and [make] an award reflecting the spirit rather than the letter of the agreement" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308).

Petitioner's claim of fraud in the inducement did not require that the arbitration be stayed. Fraud in the inducement was properly a matter for the arbitrators to decide under the broad arbitration clause contained in the underlying agreements (*supra*). Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.