In the Matter of ALICE M. BURNS, Appellant, v SUSAN GOLDSWEIG, Respondent. [664 NYS2d 937] —In a fee dispute arbitration between an attorney and a client pursuant to 22 NYCRR part 136, the client, Alice Morrissey Burns, appeals from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 25, 1996, which granted the attorney's motion to confirm the arbitration award, and (2) a judgment of the same court entered July 18, 1996, which is in

favor of the attorney and against her in the principal sum of $2,589.96.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The appellant client, Alice Morrissey Burns, elected to resolve a fee dispute with her former attorney Susan Goldsweig by submitting the matter to binding arbitration pursuant to 22 NYCRR 136.2. After a hearing, the arbitration panel determined that the attorney's charges were reasonable and that she was owed $2,589.96 in legal fees by the appellant. Thereafter, the Supreme Court granted the attorney's motion to confirm the award.

Contrary to the appellant's contentions, there is no proof that her rights were prejudiced by corruption, fraud, or misconduct in the procurement of the award. The appellant also has not demonstrated that the arbitrators were biased against her, or that the award exceeded the panel's powers (*see,* CPLR 7511 [b] [1] [i], [ii], [iii]). Accordingly, there is no basis to disturb the determination of the Supreme Court (*see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Infosafe Sys. [International Dev. Partners],* 228 AD2d 272).

The appellant's remaining contentions are without merit. Miller, J. P., Ritter, Santucci and Florio, JJ., concur.