■ In the Matter of HENRY HACKEL, Appellant-Respondent, v MICHAEL ABRAMOWITZ et al., Respondents, and R.F. LAFFERTY & Co., INC., Respondent-Appellant. [665 NYS2d 655] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered May 20, 1997, which denied petitioner Hackel's petition and respondent R.F. Lafferty & Co., Inc.'s cross-petition for a permanent stay of arbitration, unanimously affirmed, with costs.

We agree with the IAS Court that appellants' active participation in the arbitration waived their contention that arbitrability as to those claims involving signators to individual Option Agreements was to be decided by the courts, not the arbitrators (*see, Matter of Thompson [S.L.T. Ready-Mix]*, 216 AD2d 656). As to the remaining claimants, the language of the relevant American Stock Exchange (Amex) rule renders the issue of arbitrability one to be determined by the arbitrators (*see, Matter of Smith Barney v Hause*, 238 AD2d 104, 106, *lv granted* 90 NY2d 886). Even were we to find that the issue of whether or not the claims comprise a class action for the purposes of Amex rule 600 (d) was one to be decided by the courts, not the arbitrators, we would agree with the IAS Court that the subject arbitration does not represent a class action (*compare*, CPLR 901, *with* Fed Rules Civ Pro, rule 23 [a]). We have considered appellants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.