■ In the Matter of the Arbitration between NEW YORK STATE CORRECTIONAL OFFICERS AND POLICE BENEVOLENT ASSOCIATION, INC., et al., Appellants, and NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [758 NYS2d 426] —Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered January 16, 2002 in Albany County, which denied petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

After urine samples tested positive for marihuana use, petitioner James Demers (hereinafter petitioner), a correction officer employed by respondent Department of Correctional Services, was found guilty of misconduct and a penalty of termination was imposed. Petitioner New York State Correctional Officers and Police Benevolent Association, Inc. filed a grievance on petitioner's behalf but, following an arbitration hearing as provided in the parties' collective bargaining agreement, the arbitrator denied the grievance and upheld the penalty of termination. Petitioners commenced this CPLR 7511 proceeding to vacate the arbitration award. Supreme Court denied petitioners' application, prompting this appeal.

We affirm. Petitioners contend on this appeal that Supreme Court erred in dismissing their application because there is an outstanding factual issue as to whether the arbitrator committed misconduct. While petitioners alleged before Supreme Court that the arbitrator refused to allow them to cross-examine one of respondents' witnesses regarding the "reasonable suspicion" that prompted the drug testing of petitioner, the affidavit of respondents' hearing representative asserts that petitioners did not object to any limitations on their cross-

examination of this witness. Because neither party requested a transcript of the hearing and no tape recording of the proceeding was made, there is no evidence in the record to support petitioners' claim of misconduct (*see Matter of Broderick v Suffolk County Bar Assn.*, 157 AD2d 780 [1990]). Having opted not to have the hearing transcribed, petitioners cannot now have a trial to reconstruct what took place at the hearing. Accordingly, petitioners have not met their burden to demonstrate misconduct by clear and convincing evidence (*see Matter of Janis v New York State Div. of Hous. & Community Renewal*, 271 AD2d 878, 879 [2000]; *Matter of Cox [Mitchell]*, 188 AD2d 915, 917 [1992]).

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.