■ In the Matter of PEDRO AVILES, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [848 NYS2d 897]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award in favor of Allstate Insurance Company dated October 19, 2006, the appeal is from an order of the Supreme Court, Queens County (Hart, J.), dated June 1, 2007, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the arbitration award is reinstated and

confirmed, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment (see CPLR 7511 [e]; 7514 [a]).

The petitioner commenced this proceeding to vacate an arbitration award rendered in favor of Allstate Insurance Company (hereinafter Allstate) in an uninsured motorist arbitration. The petitioner alleged "partiality and misconduct" on the arbitrator's part. In support of his petition, the petitioner submitted only a copy of the arbitrator's award. The petitioner's counsel signed the petition. Allstate claimed, without challenge, that the lawyer who signed the petition was not present at the arbitration. Allstate opposed the petition with an affirmation of counsel who was present at the arbitration. She argued, in essence, that the arbitrator did nothing more than make credibility assessments, which was not a ground for vacating the award. No transcript of the arbitration appears in the record, and according to Allstate, no transcript was produced.

The Supreme Court granted the petition, presumably on the ground that the arbitrator was biased, as the court cited CPLR 7511 (b) (ii), which we can only construe to mean CPLR 7511 (b) (1) (ii). The court did not articulate a rationale in support of that result. Allstate appeals, and we reverse.

The petitioner failed to carry his burden of establishing bias on the part of the arbitrator (see Jain v New York City Tr. Auth., 27 AD3d 273, 273-274 [2006]; Matter of Hegarty v Board of Educ. of City of N.Y., 5 AD3d 771, 773 [2004]; Matter of New York State Correctional Officers & Police Benevolent Assn. [New York State Dept. of Correctional Servs.], 304 AD2d 954, 955 [2003]; Matter of Infosafe Sys. [International Dev. Partners], 228 AD2d 272, 272-273 [1996]). The award itself discloses no bias, and the conclusory claim of the petitioner's counsel to the contrary is unavailing. Accordingly, as the petition should have been denied, we reinstate and confirm the award, and remit the matter to the Supreme Court, Queens County, for the entry of an appropriate judgment (see CPLR 7511 [e]; 7514 [a]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.