Peters, P.J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered June 21, 2012 in Saratoga County, which, among other things, granted plaintiffs’ motion to confirm an arbitration award.
In January 2004, the parties executed a real estate contract whereby plaintiffs agreed to purchase a new single-family residence to be constructed by defendant. At that time, plaintiffs’ attorney, Alexander Powhida, was employed by the Breakell Law Firm, EC. Several months later, while employed at a different law firm, Powhida continued to represent plaintiffs when they purchased the home and received a limited warranty from defendant. The following year, plaintiffs submitted a warranty claim to defendant listing numerous construction defects.
Claiming that they received no response from defendant regarding their claim, plaintiffs commenced this action seeking damages. The parties thereafter agreed to submit the matter to binding arbitration, and selected Walter Breakell as the arbitrator. After the arbitrator issued an award granting plaintiffs a portion of their claim, plaintiffs moved to confirm the arbitration award and defendant cross-moved to vacate it, claiming, among other things, partiality of the arbitrator. The parties specifically dispute whether the arbitrator disclosed that he was also the principal of the Breakell Law Firm where plaintiffs’ attorney had previously been employed when the real estate contract was executed, with defendant alleging that it would never have chosen the arbitrator if that relationship had been disclosed. Supreme Court denied defendant’s cross motion and confirmed the award, prompting this appeal.
Assuming, without deciding, that defendant’s claim of partial *1089 ity is properly before us, we conclude that defendant failed to carry its burden of establishing partiality or bias on the part of the arbitrator by clear and convincing evidence (see CPLR 7511 [b] [1] [i]; Matter of Eastman Assoc., Inc. [Juan Ortoo Holdings, Ltd.], 90 AD3d 1284, 1286 [2011]; Matter of Netsmart Tech., Inc. v Bright, 59 AD3d 167, 168 [2009], lv denied 12 NY3d 709 [2009]). Even if the brief employment relationship between the arbitrator and plaintiffs’ attorney should have been disclosed, that nine-month relationship was too insignificant and short-lived to warrant the arbitrator’s disqualification (see Matter of Netsmart Tech., Inc. v Bright, 59 AD3d at 168). Furthermore, defendant’s alleged unawareness of that relationship is repudiated by the very documents it produced during discovery in this action which identify the relationship in question. Nor does the arbitrator’s award of less than half of plaintiffs’ alleged damages itself indicate bias (see Matter of Aviles v Allstate Ins. Co., 47 AD3d 710, 711 [2008]). Given that subjective claims of prejudice and remote and speculative allegations of partiality are insufficient to overturn an arbitration award (see Matter of Netsmart Tech., Inc. v Bright, 59 AD3d at 168; Douglas Elliman, LLC v Parker Madison Partners, Inc., 45 AD3d 252, 252 [2007]; Tricots Liesse [1983] v Intrex Indus., 284 AD2d 226, 227 [2001], lv denied 97 NY2d 606 [2001]), we find no basis under these circumstances to disturb the arbitration award in plaintiffs’ favor.
Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.