Bernstein v Assaf (2026 NY Slip Op 01296)

Bernstein v Assaf

2026 NY Slip Op 01296

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 306311/11|Appeal No. 6064|Case No. 2025-02955|

[*1]Andrew Bernstein et al., Plaintiffs-Respondents,
vNina Simone Faye Assaf, Defendant-Appellant.

Nina Simone Faye Assaf, appellant pro se.
Ballon Stoll P.C., New York (Avram Solomon Turkel of counsel), for respondents.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered April 25, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff husband's petition to confirm an arbitration award, dated December 4, 2024, and denied defendant wife's cross-petition to vacate the award, transfer venue, enjoin her ejectment from the subject residence, and transfer title to the subject residence to her, unanimously affirmed, without costs.
The court properly concluded that the wife failed to establish by clear and convincing evidence any ground for vacating the arbitration award (CPLR 7511; see Campbell v New York City Tr. Auth., 32 AD3d 350, 351 [1st Dept 2006]). The wife did not establish that the arbitrator failed to fully disclose a material relationship to one of the parties which would render the arbitrator partial (see Matter of Infosafe Sys. [International Dev. Partners], 228 AD2d 272, 273 [1st Dept 1996]; see also Tender Touch Health Care Services Inc. v Tnuzeg LLC, 211 AD3d 447, 448 [1st Dept 2022]). Here, the evidence presented by the wife — namely, that the arbitrator participated in training sessions hosted by a company in which the mediator, who was also a witness at the hearing, was a principal — did not establish an undisclosed professional familiarity between the arbitrator and the mediator, nor did it demonstrate bias for or against either party.
The court also properly rejected the wife's argument that the arbitration award should be vacated because a contractual condition precedent to arbitration did not occur. The interpretation of the applicable contractual terms was within the province of the arbitrator. Although the wife disputes whether any mediation truly occurred, the stipulation of settlement does not contain any procedural requirements for mediation, and the arbitrator concluded that mediation did in fact occur but was unsuccessful. Nor did the wife's refusal to participate in mediation invalidate the award, as the record reflects that the wife was notified and there is no indication that the arbitration provision of the stipulation of settlement was not followed.
To the extent the wife contests the arbitrator's factual findings, credibility determinations, and interpretation of the parties' stipulation of settlement, such arguments are not proper grounds upon which to vacate an award (see Matter of Henneberry v ING Capital Advisors, LLC, 10 NY3d 278, 284 [2008]; Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480 [2006], cert dismissed 548 US 940 [2006]; Matter of Brown & Williamson Tobacco Corp v Chesley, 7 AD3d 368, 372 [1st Dept 2004]).
The wife's argument that title to real property should be transferred to her or else the daughter, fails, as the arbitrator determined that under the terms of the stipulation of settlement the wife did not meet the threshold residency requirement for title transfer, and the court properly declined to grant relief inconsistent with the arbitration award.
The court properly concluded venue was proper in New York County. While CPLR 507 governs original actions directly affecting real property, this proceeding arises from the enforcement of a divorce judgment, including equitable distribution of property, and a confirmed arbitration award.
Finally, a delay in issuing a decision under CPLR 4213(c) is not a jurisdictional defect affording a basis to reverse a decision (see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4213:4).
We have considered the wife's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026