■ In the Matter of the Arbitration between SBARRO HOLDING, INC., Appellant, and SHIAW TIEN YUAN et al., Respondents. In the Matter of the Arbitration between SHIAW TIEN YUAN et al., Respondents, and SBARRO LICENSING, INC., et al., Appellants. — In two consolidated proceedings, one by Sbarro Holding, Inc., to stay arbitration, and the other by Shiaw Tien Yuan and Rita Yuan to, inter alia, compel arbitration between them and Sbarro Licensing, Inc., and Franchise Contracting and Equipment Corp., the appeal is from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated January 11, 1982, which denied the application of Sbarro Holding, Inc., to stay arbitration and granted the application to compel Sbarro Licensing, Inc., and Franchise

Contracting and Equipment Corp. to arbitrate. Judgment affirmed, with costs.

In 1979 Shiaw Tien Yuan and Rita Yuan (hereinafter the Yuans), Taiwanese immigrants, negotiated with Mario Sbarro, an officer, director and shareholder of Sbarro Holding, Inc. (hereinafter Holding), Sbarro Licensing, Inc. (hereinafter Licensing), Franchise Contracting and Equipment Corp. (hereinafter Contracting) and Sbarro Licensing of Virginia, Inc. (hereafter Licensing of Virginia) to purchase a Sbarro fast food franchise, to be constructed in a mall in Fairfax, Virginia. Mr. Sbarro assured the Yuans that the Sbarro organization would take care of everything with regard to setting up the operation of the business. In April, 1979 the Yuans signed a franchise agreement with Licensing. The contract required them to sublease their store from Holding, and provided that a breach of the sublease would also constitute a breach of the primary agreement. Mr. Sbarro executed the contract for Licensing. He also executed all subsequent agreements between the Yuans and the Sbarro entities. All agreements were executed at offices in Melville, New York. In April, 1980 Licensing of Virginia, a subsidiary of Licensing which had been established to comply with Virginia law with regard to establishing franchises in that State, succeeded Licensing as the entity dealing with the Yuans. The agreement between the Yuans and Licensing of Virginia was the only one which contained an arbitration clause. In April, 1980 the Yuans and Holding entered into a subleasing agreement and Licensing transferred a $20,000 payment which the Yuans had previously made to it, to Holding as security for the sublease. Pursuant to Mario Sbarro's urging, the Yuans also entered into an agreement to have Contracting, another Sbarro operation, construct the restaurant. Checks made out to contracting were subsequently indorsed and deposited by Licensing. We also note at this point that all of the Sbarro entities share common shareholders, officers and directors. Licensing of Virginia entered into a contract with a Fairfax, Virginia, landlord to construct the store, but a failure to complete construction in a timely fashion resulted in a loss to the Yuans of their lease, franchise, and approximately $90,000 already paid to the Sbarro organization. The Yuans, pursuant to their contract with Licensing of Virginia, now seek to arbitrate their dispute with not only Licensing of Virginia, but Licensing, Holding, and Contracting as well. The latter three entities, claiming that they are not parties to any contract with the Yuans requiring arbitration, seek to avoid participation in the arbitration. Where one corporation merely acts as the alter ego of a second corporation, the second corporation can be compelled to participate in an arbitration proceeding although it is not a signatory of the contract containing the arbitration clause which was, however, signed by the alter ego (*Fisser v International Bank,* 282 F2d 231; see *Nussdorf v Esses & Co.,* 63 AD2d 619). The corporate veil will be pierced (1) to achieve equity, even absent fraud, where the officers and employees of a parent corporation exercise control over the daily operations of a subsidiary corporation and act as the true prime movers behind the subsidiary's actions (see *Van Valkenburgh, Nooger & Neville v Hayden Pub. Co.,* 30 NY2d 34, mot for rearg den 30 NY2d 880, cert den 409 US 875; *Fiur Co. v Ataka & Co.,* 71 AD2d 370; *Astrocom Electronics v Lafayette Radio Electronics Corp.,* 63 AD2d 765; 13 NY Jur 2d, Business Relationships, § 30), and/or (2) where a parent corporation conducts business through a subsidiary which exists solely to serve the parent (see *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Educational Beneficial v Reynolds,* 67 Misc 2d 739). In light of the thorough integration of the entire Sbarro franchising operation, Licensing, Licensing of Virginia, Holding, and Contracting should all participate in the arbitration. Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.