■ In the Matter of the Arbitration between BENNETT SMULLYAN et al., Respondents, and SIBJET S. A. et al., Appellants. [607 NYS2d 316] —Order and judgment (one paper), Supreme Court New York County (Seymour Schwartz, J.), entered May 13, 1993, which, *inter alia,* granted the petitioners' application pursuant to CPLR 7510 seeking to confirm an arbitration award, dated March 4, 1992, and which denied the appellants' cross motion pursuant to CPLR 7511 seeking to vacate the arbitration award, unanimously affirmed, without costs.

The IAS Court properly determined that the arbitrator had neither exceeded his authority nor rendered an irrational award.

Although, as appellants correctly note, parties to a commercial transaction will generally not be compelled to arbitrate in the absence of an express, unequivocal agreement to that

effect *(Matter of Marlene Indus. Corp. [Carnac Textiles]*, 45 NY2d 327, 333), nevertheless, a party otherwise entitled to a judicial determination of the arbitrability of a dispute may waive that right by actively participating in the arbitration without seeking a stay pursuant to CPLR 7503 (b) or otherwise preserving their right to have the issue of arbitrability judicially determined *(Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 382-383).

Accordingly, the IAS Court properly determined that appellants waived their claim that they were not bound by the letter agreement nor obligated to arbitrate any disputes arising thereunder by their active participation in the arbitration proceedings before the AAA, including, *inter alia,* submitting an appearance, participating in the selection of the arbitrator, and presenting witnesses and extensive evidence before that forum, rather than seeking a statutory stay of the proceedings pursuant to CPLR 7503 (b) upon the ground that they had not agreed to its terms, or by otherwise preserving their right to have the issue of arbitrability judicially determined.

In any event, SIBJET and AXA, as successors in interest and mere alter egos of SIFA, were properly compelled to participate in the arbitration proceedings, although not signatories to the letter agreement executed by SIFA, which contained the broad arbitration clause *(see, Matter of Sbarro Holding [Shiaw Tien Yuan]*, 91 AD2d 613, 614).

We have reviewed the appellants' remaining claims and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.