■ In the Matter of the Arbitration between CARBONE/ORRINO AGENCY, INC., et al., Appellants, and JOSEPH CARBONE, JR., Respondent. [619 NYS2d 348] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County (Henry, J.), dated

May 24, 1993, which, *inter alia,* denied the appellants' motion for a stay and granted the respondent's cross motion to dismiss the proceeding and compel arbitration.

Ordered that the order is affirmed, with costs.

The appellants assert that they never received notice of the demand for arbitration, and that their entire agreement was permeated by fraud, thereby making the arbitration clauses invalid. Their claims are without merit.

Where a party does not move for a stay until after the statutory time period of 20 days after service of the demand for arbitration and where the party has participated in or acquiesced in the arbitration proceeding, the party waives its right to raise any objection to service of the demand *(see, Matter of Interboro Mut. Indem. Ins. Co. v Betancourt,* 187 AD2d 593; *Matter of Home Mut. Ins. Co. v Springer,* 130 AD2d 493; *Matter of Hercules Constr. Corp. [Sussco Exterior Sys.],* 110 AD2d 701). On November 18, 1992, the appellants received the demand for arbitration dated November 16, 1992. The demand was sent by certified mail and signed for by their comptroller. The appellant did not move to stay arbitration until on or about March 9, 1993, approximately four months after receipt of the notice and approximately nine days after the arbitration hearing. Further, the appellants requested an adjournment of the hearing date and the parties acquiesced in the selection of the arbitrators. Therefore, the appellants participated in the arbitration process. Consequently, the appellants are not entitled to a stay of arbitration *(see, Matter of Home Mut. Ins. Co. v Springer,* 130 AD2d 493, *supra).* Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.