■ In the Matter of the Arbitration between LUBIN & SCHLESINGER, INC., Respondent, and MARTIN SCHEINBERG, Appellant. In the Matter of the Arbitration between MICHAEL LUBIN et al., Respondents, and MARTIN SCHEINBERG, Appellant. [651 NYS2d 502] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered with respect to Index No. 116557/95 on or about April 2, 1996 and reentered, with respect to Index No. 16352/95, on or about May 9, 1996, which granted the petitions in these respective CPLR article 75 proceedings for an order vacating an arbitration award dated May 3, 1995 in favor of respondent and denied respondent's cross-application to confirm the award, unanimously reversed, on the law, with costs, the petitions denied, and the cross-application to confirm the award granted.

The arbitration in this matter involved the valuation of respondent's interest as a withdrawing shareholder in petitioner Lubin & Schlesinger, Inc., a subchapter S corporation engaged primarily in stock options trading on the American Stock Exchange ("AMEX"). At issue on this appeal is whether the arbitrators exceeded their authority in joining respondent Mitoric Trading, Inc. ("Mitoric") as a party to the arbitration and in awarding respondent $244,594. Since we find that the arbitrators were fully within their authority, the order of the IAS Court which vacated the award should be reversed, and the award reinstated.

Although Mitoric submitted to arbitration without specifi-

cally objecting on the ground that it was not a party to the arbitration agreement, the IAS Court held that, under the Federal Arbitration Act ("FAA"), Mitoric did not thereby waive its right to judicial review of the question of arbitrability (*see, First Options of Chicago v Kaplan*, 514 US 938). Respondent-appellant argues that the agreement involved is not subject to the FAA and, that in any event, by appearing before the arbitrators without specifically objecting on the ground that the matter was not arbitrable as to it because it was not a party to the agreement to arbitrate, Mitoric did, in fact, submit the question of arbitrability to the arbitrators. We need not reach the latter issue regarding the import of Mitoric's submission to the arbitration without specifically objecting on the ground now raised since, even assuming that arbitrability was not properly before the arbitrators and would therefore be subject to *de novo* judicial review, we would hold that under the facts herein respondent's claim against Mitoric was arbitrable.

While it is well settled that a party may not be compelled to arbitrate in the absence of an agreement to do so (*see, Matter of Smullyan [SIBJET S. A.]*, 201 AD2d 335), the fact that Mitoric was not a signatory to the shareholder agreements which contain the agreement to arbitrate is not dispositive where it is demonstrated that it was a successor to such a signatory (*supra*; *see also, Matter of Sbarro Holding [Shiaw Tien Yuan]*, 91 AD2d 613). In this regard, respondent submitted to the arbitrators documents demonstrating that, with the exception of one additional person on the Mitoric Board of Directors, the officers and directors of Lubin & Schlesinger and Mitoric were identical, and that the one additional officer and director was a secretary, shareholder and director of Segal, 75% of which was owned by Lubin & Schlesinger. Respondent also showed that Mitoric's application for AMEX registration stated that it was under common control with Lubin & Schlesinger, that, upon approval of Mitoric's registration application, Lubin & Schlesinger would discontinue operations, and that Mitoric intended to file a successor broker dealer application naming itself as successor to Segal. Moreover, petitioners acknowledge that Lubin & Schlesinger and Segal merged their assets to form Mitoric. Under these circumstances, the mere fact that additional investors became shareholders in Mitoric after the merger does not negate its status as successor to Lubin & Schlesinger, nor does the fact that Lubin & Schlesinger continued to exist, albeit stripped of all its assets other than the amount which petitioners deemed to be that which was owed to respondent in recompense for his shares.

The record reveals no basis for a finding that the arbitrators stepped beyond the bounds of the arbitration agreement in setting the amount of the award. There were numerous questions surrounding the valuation rendered by Lubin & Schlesinger's accountants that were properly referable to the arbitrators within the scope of the subject agreement, which provided in broad terms that "any dispute arising hereunder" was subject to arbitration. Such questions included the proper date of valuation and the interpretation of the term, "net profits", within the meaning of the second amended shareholders' agreement.

Finally, it is irrelevant that issues of contribution or apportionment among petitioners remain unresolved by the arbitral award. The fact that petitioners may have to litigate issues of contribution and/or apportionment among themselves is not a basis for vacating the award to respondent (*see, Matter of Central Queens Young Men's/ Young Women's Hebrew Assn. [Johansen & Bhavnani, Architects—Rubsamen Co.],* 161 AD2d 337). Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.