■ In the Matter of BURTON G. FRIEDLANDER, Appellant, v MARIS FREED, Formerly Known as MARIS FRIEDLANDER, Respondent. [704 NYS2d 501] —In a proceeding pursuant to CPLR article 75, *inter alia,* to stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered June 8, 1999, which, among other things, denied his motion to stay the arbitration and granted that branch of the respondent's cross motion which was to direct

the parties to proceed with the arbitration scheduled with the American Arbitration Association.

Ordered that the order is affirmed, with costs.

Since the petitioner filed a demand for arbitration, the Supreme Court properly denied his motion to stay the arbitration (*see,* CPLR 7503 [b]; *Matter of Commerce & Indus. Ins. Co. v Nester,* 90 NY2d 255; *Matter of Carbone/Orrino Agency [Carbone],* 210 AD2d 221; *Matter of Smullyan [Sibjet S.A.],* 201 AD2d 335; *Matter of Home Mut. Ins. Co. v Springer,* 130 AD2d 493).

The record does not support a finding that the arbitrators' conduct created an appearance of bias which warranted their disqualification (*see, Matter of Astoria Med. Group [Health Ins. Plan],* 11 NY2d 128; *Rabinowitz v Olewski,* 100 AD2d 539). Consequently, the Supreme Court properly directed the parties to proceed with the arbitration scheduled with the American Arbitration Association.

The petitioner's remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.